**UNITED STATES F. & G. CO. et al. v. STATE INDUSTRIAL COM. et al.**

No. 16368—Opinion Filed Oct. 20, 1925.

1. **Master and Servant — Workmen's Compensation — Findings of Fact — Conclusiveness.**

A finding of fact made by the Industrial Commission upon issues of fact involved in the trial of a cause is final, and this court is not authorized to weigh the evidence on a review of the judgment to determine the sufficiency thereof.

2. **Same—Award Sustained.**

Record examined; held, to be sufficient to support judgment in favor of the plaintiff.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Proceedings in the Supreme Court by the United States Fidelity & Guaranty Co. et al. against the State Industrial Commission et al. to review a judgment allowing an award of workman's compensation in favor of Ben A. Dillbeck. Affirmed.

George F. Rittenhouse, F. A. Rittenhouse, and F. E. Lee, for petitioners.

George F. Short, Atty. Gen., Fred Hansen, Asst. Atty. Gen., J. Wood Glass, and Floyd A. Calvert, for respondents.

Opinion by STEPHENSON, C. Ben A. Dillbeck received a personal injury arising out of and in the course of employment as tool dresser with Hough-Slaughenhop & Lawson on May 9, 1924. The employe returned to light work on August 1, 1924, and continued such service as pumper until December, 1924. The employe was required to abandon his employment on account of alleged temporary, total disability on the latter date. The employe filed his action before the Industrial Commission for compensation based upon temporary total disability. The trial of the cause resulted in a finding of fact in favor of the claimant, and an award based upon temporary, total disability. The accident resulted in injury to plaintiff's knee, which he claims incapacitated him for any class of work in December, 1924. The insurance carrier and employer commenced their proceedings in this court to review the judgment of the Industrial Commission within the statutory time.

The assignments of error for reversal of the judgment are: (1) That the award is not supported by sufficient evidence. (2) That the judgment is contrary to law.

The commission found that the employe suffered an injury on May 9, 1924, and re-entered the employer's services on August 1, 1924, as pumper, at a salary of $4 per day. It was found further that the claimant continued in such employ until December, 1924, when the nature of the injury incapacitated plaintiff for any class of services. The commission found that the claimant was suffering from a temporary, total disability. The findings of fact are based upon disputed questions of fact, which were heard and tried before the Industrial Commission. The findings and judgment based upon the disputed questions of fact are final, and this court is not authorized to weigh the sufficiency of the evidence to support such findings and judgment in a proceeding for reviewing an award. Grace v. Vaught et al., 108 Okla. 187, 235 Pac. 590; Rector v. Roxana Petroleum Co., 108 Okla. 122, 235 Pac. 183; Scruggs Bros. and Bill's Garage v. State Industrial Comm., 94 Okla. 187, 221 Pac. 470.

Incidentally, the question [as to how long a period of time the claimant should be compensated for the injury has arisen between the parties in their briefs. The question is not made by the judgment and record. The question of the period of time the claimant will be entitled to compensation may not arise, as the finding is that the injury is a temporary, total disability. The employe may be able to return to service before the time may expire, which would give occasion for the consideration of this ques-

tion. The insurance carrier may raise this question when it is supposed that the employe has drawn compensation for the period of time allowed by the statutes.

It is recommended that the judgment of the commission be affirmed.

By the Court: It is so ordered.

Note.—See under (1) Workmen's Compensation Acts, C. J. p. 122, § 127; anno. L. R. A. 1917D, 186 et seq.; 28 R. C. L. p. 828; 3 R. C. L. Supp. p. 1600; 4 R. C. L. Supp. pp. 1871, 1872; 5 R. C. L. Supp. pp. 1580, 1581. (2) Workmen's Compensation Acts, C. J. p. 115, § 114.