**ROCK ISLAND COAL MINING CO. v. U. S. FIDELITY & GUARANTY CO. et al.**

No. 16417—Opinion Filed Oct. 20, 1925.

1. **Master and Servant — Workmen's Compensation — Findings of Fact — Conclusiveness.**

A judgment of the Commission is final as to all questions of fact, and this court is not authorized to weigh the evidence upon which a finding of fact is based.

2. **Same — Injuries Antedating Liability of Insurance Carrier.**

Record examined; held, to be sufficient to support judgment of the Commission in favor of the surety company.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Proceedings in the Supreme Court by the Rock Island Coal Mining Company to review a judgment of the Industrial Commission against the petitioner and in favor of the United States Fidelity & Guaranty Company. Affirmed.

W. R. Blakemore and John Barry, for petitioner.

George F. Short, Atty Gen., Rittenhouse & Rittenhouse, J. Fred Swanson, and Frank E. Lee, for respondents.

Opinion by STEPHENSON, C. Roy Gosnell sustained an injury on January 20, 1921, from an accident arising out of and in the course of his employment with the Rock Island Coal Mining Company. A rock fell upon Gosnell's right foot, which crushed and lacerated the heel. The employe recovered from the injury to an extent where he was able to re-enter the services of the company, but it was necessary for the employe to walk on the ball of his foot in order to relieve the strain on the tendons of the heel. The bone of the heel was impaired and continued to cause puss formation in the foot. A large portion of the bone was destroyed by the injury, and continued to cause inflammation of the foot. The lacerations of the heel were covered by a thin scar tissue in which there was slight circulation of the blood. It was necessary for the injured party to protect the tissue with gauze and bandages at all times. The employe received further injury of the right foot on account of the first injury later and in the month of April, 1923. The employe recovered from the second injury to the point where he was able to engage in light services for the petitioner. While engaged in such services, on March 17, 1924, the employe bruised the injured heel by stepping on a jagged rock. A claim was filed with the commission as a result of the third injury.

The Rock Island Coal Mining Company carried its risk until January 1, 1924. The mining company on the latter date contracted with the United States Fidelity & Guaranty Company to carry the insurance risk of its employes. The employe was not able to procure light employment after March 22, 1924, and filed his claim for compensation before the Industrial Commission. The three claims were consolidated and tried as one cause.

Paragraph No. 6 of the commission's findings is in the following language:

"The claimant on March 17, 1924, while employed in the operation of respondent's motor, bruised his right heel by stepping on an irregular rock, and that said injury caused a temporary inflammation of the scar tissue on the right heel which inflammation had subsided on March 22, 1924, leaving no other disability than that which the claimant has been continuously suffering since the date of the original injury on January 20, 1921."

The findings of the commission are that the accident of March 17th, resulted in a temporary inflammation of the scar tissue of the heel, which inflammation had subsided on March 22, 1924. The further finding of the commission is that the disability then suffered by the employe was the result of the injury suffered on January 20, 1921.

The judgment of the commission upon this finding relieved the insurance company from liability on the risk, and held that the injury resulted from an accident at the time the mining company was carrying its own risk. The mining company commenced this proceeding within the time provided by statute for reviewing the judgment of the Industrial Commission. The contention of petitioner is that liability to the employe is that of the insurance company; that the injury suffered by the employe is the result of the accident occurring on March 17, 1924.

The petitioner submits the proposition that the Workmen's Compensation Act does not prescribe any standard to which the employe must conform; that compensation for injuries suffered is not controlled by an implied warranty of perfect health or immunity from latent and unknown tendencies or diseases. The contention of the mining company is that injuries resulting from accident, although the injury is in the nature of a stimulation of some latent disease, re-

sult in liability to the employer. The propositions of law submitted by the mining company are sound and supported by the weight of authority. Crowley v. City of Lowell (Mass.) 111 N. E. 786; Tintic Mining Co. v. Industrial Comm. (Utah) 206 Pac. 278, 23 A. L. R. 325.

The record discloses that the injury received from the accident on March 17th had subsided on March 22nd following, and that whatever impairment the employe was then suffering from resulted from the injury received in January, 1921. The physical impairment that existed at the time of the trial of this cause was in the nature of an impaired condition of the bony substance of the heel of the right foot. There were portions of the bony substance dislodged from its natural position in the foot, which were in the nature of foreign substances in the foot. The particles of bone so dislodged were causing the discharge of sinus. This condition caused an impairment of the tissue and resulted in the disability of the employe. This condition was a resulting and continuing injury from the accident suffered in 1921. There is a marked distinction between the condition which impaired the physical ability of the employe, as shown by the findings of fact, and that resulting from an injury which is in the nature of stimulating some latent physical impairment or disease. If the employe was suffering from some latent disease, which is set in action by some physical injury, the authorities lay down the rule that the injury will be treated as flowing from an accident suffered by the employe in the course of his services. Where such is the condition, the rule contended for by the petitioner will apply. The finding of the commission in this case is that the impairment suffered by the employe resulted entirely from the accident occurring in 1921. The finding is that the injury suffered from the accident of March 17th had entirely subsided on March 22nd, following. This presents a question entirely different from that submitted by the petitioner. The finding of the commission as expressed by paragraph No. 6 is not subject to review here. This court will not undertake to weigh the evidence upon which any finding of fact is based. Aetna Insurance Co. v. State Industrial Comm., 109 Okla. 65, 234 Pac. 765; Sun Coal Co. v. State Industrial Comm., 84 Okla. 164, 203 Pac. 1042.

The finding of the commission is that the injury suffered by the employe is the result of an accident occurring at a time when the surety company was not carrying the risk for the petitioner. Since the petitioner was carrying its own risk at the time of the injury, it was proper that judgment follow against the petitioner.

It is recommended that the judgment of the commission be affirmed.

By the Court: It is so ordered.

Note.—See under (1) Workmen's Compensation Acts, C. J. p. 122, § 127; anno. L. R. A. 1817D, 186, et seq.; 28 R. C. L. p. 828; 3 R. C. L. Supp. p. 1,600; 4 R. C. L. Supp. pp. 1871, 1872; 5 R. C. L. Supp. pp. 1580, 1581. (2) Workmen's Compensation Acts, C. J. p. 122, § 127.