## OKLAHOMA GAS & ELECTRIC CO. et al. v. THOMAS et al.

No. 15796—Opinion Filed Nov. 24. 1925.

**1. Master and Servant—Workmen's Compensation Law—Finality of Decision on Facts.**

The decision of the Industrial Commission is final as to all questions of fact, and this court is not authorized to weigh the evidence upon which any finding of fact is based.

**2. Same—Failure to Give Employer Statutory Notice of Injury—Excuse—Burden of Proof.**

In an action to enforce compensation for an injury to an employe under the Workmen's Compensation Act, where it appears that no written notice of the injury was given, as required by section 7292, C. S. 1921, a want of prejudice to the employer by reason of a failure to give the written notice sufficiently appears where it is shown that the employer had actual notice of such injury, soon after it occurred and, with full knowledge of the injury, omitted to administer any relief; and where the employe makes proof of such actual notice of his injury, the burden of proof then shifts to the employer to show that in spite of such actual notice he is still prejudiced by the failure to give the written notice.

(Syllabus by Foster, C.)

Commissioners' Opinion, Division No. 5.

Error from Industrial Commission.

Action by Oklahoma Gas Electric Company and Fidelity & Casualty Company, petitioners, against J. L. Thomas and the State Industrial Commission. respondents. to reverse an award of the State Industrial Commission. Award affirmed.

Ross & Thurman and Samuel J. Clay, for petitioners.

Geo. F. Short, Atty. Gen., Baxter Taylor, Asst. Atty. Gen., E. N. Jones, and W. F. Shulte, for respondents.

Opinion by FOSTER, C. The petitioners, Oklahoma Gas & Electric Company, a corporation, and the Fidelity & Casualty Company, a corporation, prosecute their action in this court to reverse an order of the State Industrial Commission, wherein the said Commission on September 10, 1924, made an award in favor of respondent, J. L. Thomas, who, as claimant, had on May 15, 1924, filed his claim for compensation with the State Industrial Commission against the petitioners herein, as respondents, alleging that while employed by the Oklahoma Gas & Electric Company he was injured on the 18th day of October, 1923, while attempting to load a pole or light post, by being struck therewith on the right leg, injuring and dislocating the internal semi-lunar cartilage of the right knee. The parties will be hereinafter referred to as they were designated in the proceeding before the Industrial Commission.

The injury complained of was alleged to have been sustained on October 18, 1923. The claimant continued his work in the employment of the Oklahoma Gas & Electric Company until February 8, 1924, at which time the company dispensed with his services because his services were no longer required by it. On the day the injury occurred the claimant asked his foreman, N. C. Berry, for medical aid and was told to procure some liniment at the drug store and apply to the injured knee, which he did. Afterwards claimant again requested medical aid and was told by the foreman, Berry, that the company had no physician at that particular place, and that when the crew arrived at Maud he, Berry, would see about it. No medical aid was ever furnished claimant, however, and he continued working for the company at the usual wage until February 8, 1924, as stated above. No written notice of the accident, as required by section 7292. C. S. 1921, was given to the Industrial Commission until May 15, 1924, nor to the respondent, Oklahoma Gas & Electric Company, until May 20, 1924. The employer received its first notice from the Industrial Commission on about May 17, 1924. The Industrial Commission found:

"By reason of the aforesaid facts, the claimant herein is entitled to compensation from February 9, 1924, to September 4, 1924, at the rate of $10.39 per week; that he is entitled to further compensation at

$10.39 per week until termination of disability or until otherwise ordered by the Commission."

The petitioners rely upon two specifications of error, viz.: First. That the respondent was not injured at all; and, second, that he did not give proper notice of the injury to the Industrial Commission.

Upon the first proposition it is sufficient to say that the claimant testified in his own behalf as to the time and place of the injury and the circumstances under which he received it. His testimony was corroborated by the evidence of W. J. Northcutt, and by the evidence of two physicians, one of whom, Dr. Leroy Long of Oklahoma City, examined the claimant and made a report which, among other things, contained the following statement:

"Notwithstanding the fact that this claimant worked for some four months after he was injured, I do not believe that he was able to work during that time and the fact that he did work must be attributed to tenacity on his part rather than anything else."

While a number of witnesses for respondent testified that during the interim between the date of the injury on October 18, 1923, and February 8, 1924, the date on which claimant was laid off, they were constantly in the company of claimant and heard no complaint nor had they seen him limp, this court will not weigh the positive testimony of respondent and his witnesses against this character of testimony, and the finding of the Industrial Commission upon these disputed questions of fact must be sustained. Board of Commissioners of Cleveland County v. Barr, 68 Okla. 193, 173 Pac. 206; Choctaw Portland Cement Co. v. Lamb, 79 Okla. 109, 189 Pac. 750.

A more serious question is presented when we come to consider the second proposition. Section 7292, C. S. 1921, provides:

"Notice of an injury for which compensation is payable under this act shall be given to the Commission and to the employer within 30 days after injury. Such notice may be given by any person claiming to be entitled to compensation, or by some one in his behalf. The notice shall be in writing, and contain the name and address of the employe, and state in ordinary language, the time, place, nature and cause of the injury, and be signed by him or by a person on his behalf. It shall be given to the Commission by sending it by mail, by registered letter, addressed to the Commission at its office. It shall be given to the employer by delivering it to him or sending it by mail, by registered letter,

addressed to the employer at his or its last known place of residence; provided, that, if the employer be a partnership, then such notice may be given to any one of the partners, and if the employer be a corporation, then such notice may be given to any agent or officer thereof upon whom legal process may be served, or any agent in charge of the business in the place where the injury occurred. The failure to give such notice, unless excused by the Commission either on the ground that notice for some sufficient reason could not have been given, or on the ground that the insurance carrier or employer, as the case may be, has not been prejudiced thereby, shall be a bar to any claim under this act."

It is conceded by claimant that no written notice of his injury was given the Industrial Commission until May 15, 1924. Undoubtedly, the rule is well established by the authorities that prejudice to the employer is presumed from an omission to give the written notice provided for by the statute, and that the burden of proof is upon the claimant, in the first instance, to show a want of prejudice where such written notice has not been given. It is not claimed by claimant that it was impossible for him to give the written notice, and if he is to be excused in this instance, he must show that he has sustained the burden imposed upon him by the statute of showing that respondent has not been prejudiced by his failure to give the written notice. To sustain this burden, it is not necessary, we think, that claimant show that the employer, upon oral notice of some kind, actually made an investigation of the injured condition of the employe, with a view to minimizing the effect of such injury, but it is sufficient, we think, if it be shown that he had an opportunity to do so. In the case at bar it is disclosed that on at least two separate occasions the respondent received notice of some injury to the claimant, and on one of these occasions, through its foreman, N. C. Berry, expressed an intention to procure medical aid for the claimant. That on still another occasion it was shown by the witness, W. J. Northcutt, that he, Northcutt, heard claimant and respondent's foreman discuss the matter of the injury, in which claimant asked Berry what he should do about the case, to which Berry replied: "Do as you damn please, I am a long time gone." This evidence, together with the deductions logically to be made from it, certainly tended to show a want of prejudice to the respondent, since it had notice of the injury and an opportunity to minimize the effects thereof, and omitted to administer any relief. This evidence, we think, reasonably

met the requirements of the burden of proof imposed upon the claimant, in the first instance, by the statute. The conduct of the claimant in continuing to work under adverse physical conditions cannot excuse the respondent from the duty of prosecuting such inquiry into the physical condition of the claimant as the circumstances of the case demanded. Nor can such conduct be permitted to impeach or destroy proof here relied on by claimant as meeting the requirements of the burden of proof imposed on him by the statute. Claimant's conduct in continuing to work must be attributed to optimism and general tenacity of purpose on his part, rather than any desire to mislead respondent as to the nature and extent of his injury. Such tenacity of purpose is to be commended, and cannot, of itself, operate to the prejudice of claimant in a proceeding for compensation under the Workmen's Compensation Act.

We are not to be understood as holding that the actual notice here shown operates to deprive respondent of the right to show that it has been prejudiced by the failure to give the written notice. We simply hold that when claimant makes proof of actual notice of his injury, the burden of proof then shifts to the respondent to show that, in spite of such actual notice, it has still been prejudiced by the failure to give the written notice. But there was no evidence introduced on the part of respondent to show that in spite of such actual notice, it was still prejudiced by reason of the admitted failure to give the written notice.

In Ann. Cas. 1917D, 874, it is said:

"It has been held in a number of cases that a want of prejudice to the employer for the want of notice of the injury was shown where it appeared that he had full knowledge of the accident shortly after the happening thereof. Stevens v. Insoles, 1 K. B. (Eng.) 36 W. N. 205, 81 L. J. K. B. 447, 105 L. T. N. S. 617; Thompson v. Goold A. C. (Eng.) 409, 79 L. J. K. B. 905, 103 L. T. N. S. 81, 26 Times L. Rep. 526, 54 Sol. J. 579, 3 B. W. C. C. 392; Beadle v. Milton, 5 B. W. C. C. (Eng.) 55; Roberts v. Charles Wolff Packing Co., 95 Kan. 723, 149 Pac. 413; Knoll v. Salina, 98 Kan. 428, 157 Pac. 1167; Smith v. Solvay Process Co. (Kan.) 163 Pac. 645. See, also, Ralph v. Mitchell, 6 B. W. C. C. 78; Mills v. Dunnington Main Coal Co., 86 L. J. K. B. (Eng.) 231, 61 Sol. J. 202. And a knowledge of the injury by the foreman of the employe is sufficient to effect the employer with knowledge so as to show a want of prejudice from a failure to give written notice of the injury. Ackerson v. National Zinc Co., 96 Kan. 781, 153 Pac. 530; Smith v. Solvay Process Co. (Kan.) 163 Pac. 645.

See, also, Murphy's Case, 226 Mass. 60, 115 N. E. 40. Compare Penn v. Clement Talbot, 7 B. W. C. C. 565; Matter of Prokopiak, 176 App. Div. 128, 162 N. Y. 288. The same has been held where the clerk and cashier of an employer had knowledge of the injury, and where it appeared that the workman injured was employed as a helper by another workman with authority and a knowledge of the injury was had by the latter. McClelland v. Todd, 2 B. W. C. C. (Eng.) 472. Compare Jackson v. Vickers, 5 B. W. C. C. (Eng.) 432."

In the case of Hayward v. Westleigh Colliery Co., Ltd., reported in Ann. Cas. 1917D, 877, it is said in the body of the opinion:

"* * * The statute requires that notice should be served and if it is not served, the party who should have served it is in default; he must excuse that default, and I think the burden of proof in the first instance rests upon him. But if he gives evidence from which it may be reasonably inferred that the employer has not been prejudiced, I think then the burden of proof is shifted from his shoulders on to the shoulders of his employer, and if the employer is in a position to prove notwithstanding this evidence that he is prejudiced in some particular matter, he is bound to do so. * * *"

It is contended by respondents that the rule here anounced is not in harmony with the rule laid down by our Supreme Court in the case of Cameron Coal Co. v. Collopy, 102 Okla. 207, 228 Pac. 1100. We have examined the Collopy Case, and we cannot agreed with this contention. In the Collopy Case there was no actual notice whatever, and no written notice given until November following the accident in May, 1921, and then the written notice was given only to the Industrial Commission. The court there held that the burden of proof was upon the claimant to establish a want of prejudice because of failure to give the written notice, and that a failure of such proof on the part of the claimant barred a recovery. In that case, the court was not considering a case where there was some proof on the part of the claimant, in the first instance, of a want of prejudice to the respondent by reason of having given actual notice of the injury. That the court in the Collopy Case did not intend to lay down a rule which would bar a recovery, under facts like the case at bar, is evident from the following language appearing in the body of the opinion:

"To our minds, the language of the statute is susceptible of no other construction. The statute recognizes that where a claim is to be met, timely notice should be given

in order that the employer may investigate the validity of the claim, but also provides that such failure to notify shall not bar claimant if he can affirmatively show that no prejudice has resulted from such failure. In the event claimant could show that the employer in fact had actual notice within the time and did in fact make an investigation or had all opportunity to do so, this would certainly show no prejudice. * * *"

We think the case at bar clearly falls within the scope of the language employed by our court in the concluding part of the paragraph quoted above.

The evidence in this case discloses that claimant was intent upon performing his duties as an employe of the respondent, rather than in seeking compensation for some injury which he may have received in the course of his employment, and that in doing so he overlooked one of the provisions of the statute.

In the case of Okmulgee Democrat Publishing Co. v. State Industrial Commission, 86 Okla. 62, 206 Pac. 249, this court, speaking through the late Justice Kane, said:

"This court has many times held that the compensation act is a remedial measure which must be liberally construed for the benefit of the employe. * * *"

The claimant has not put himself outside the protection of the act unless he has done so by failing to discharge the burden of proof imposed upon him by the statute. We think this burden has substantially been met, and in the absence of proof, on behalf of respondent, that notwithstanding the giving of actual notice, it was still prejudiced on account of a failure to give the written notice, that the Industrial Commission was fully justified in awarding claimant compensation.

We are therefore of the opinion that the award of the Industrial Commission should be and is hereby affirmed.

By the Court: It is so ordered.

Note.—See under (1) Workmen's Compensation Acts, C. J. pp. 122, 123, §127; anno. L. R. A. 1917D, 186; 28 R. C. L. p. 827 et seq.; 3 R. C. L. Supp. p. 1600; 5 R. C. L. Supp. 1580. (2) Workmen's Compensation Acts, C. J. p. 105, §102; anno. L. R. A. 1916A, 86; L. R. A. 1917D, 189; L. R. A. 1918E, 562; 28 R. C. L. p. 825; 5 R. C. L. Supp. 1579.