Note.—See under (1) 29 Cyc. p. 876; 20 R. C. L. p. 286, et seq.    (2) 29 Cyc. pp. 882, 911, 918, 919; 20 R. C. L. pp. 289, 200, 3 R. C. L. Supp. p. 1051; 4 R. C. L. Supp. p. 1351; 5 R. C. L. Supp. p. 1096.

---

**GRAVER CORPORATION et al. v. STATE INDUSTRIAL COMMISSION et al.**

No. 15636—Opinion Filed Feb. 2, 1926.

Rehearing Denied March 16, 1926.

(Syllabus.)

1. **Master and Servant—Workmen's Compensation Law — "In Course of Employment" not Equivalent to "Arising Out of Employment."**

In an action to enforce compensation for

an injury to an employe under the Workmen's Compensation Act, a finding that claimant's injury arose "in the course of his employment" is not equivalent to a finding that it "arose out of" such employment.

**2. Same—Sufficiency of Evidence Despite Lack of Specific Finding.**

Where the evidence discloses that while the claimant was in the employment of the respondent he sustained an accidental personal injury "arising out of and in the course of his employment," and there is no substantial evidence to the contrary, held, the award of the Commission will not be vacated because the Commission failed to make a specific finding that the injury "arose out of" the employment.

**3. Same—Award for Temporary Total Disability Sustained Though Silent as to Duration.**

An award of the Industrial Commission for temporary total disability will not be set aside for want of a provision therein limiting it to 300 weeks as provided by statute.

**4. Same—Statutory Notice of Injury Excused by Employer's Actual Notice.**

Where it appears that no written notice of injury was given by the employe as required by section 7292. Comp. Okla. Stat. 1921, but the employer had actual notice of such injury immediately after it occurred, held, such failure to give the statutory notice is not a bar to the claimant in the absence of proof by the employer that he was prejudiced thereby notwithstanding such actual notice.

**5. Same — Review of Award — Finality of Decision as to Facts.**

The decision of the Industrial Commission is final as to all questions of fact, and this court is not authorized to weigh the evidence upon which any finding of fact is based.

**6. Same—Award Sustained.**

Record examined; held, to be sufficient to support the award in favor of the claimant.

Original proceeding in the Supreme Court by the Graver Corporation and the Liberty Mutual Casualty Company against the State Industrial Commission et al., to review a judgment allowing an award of workmen's compensation in favor of Fred W. Levin. Affirmed.

Owen, Yancey & Fist and W. Y. Mauzy, for plaintiffs in error.

Geo. F. Short, Atty. Gen., Fred Hansen, Asst. Atty. Gen., and Charles D. Welch, for defendants in error.

MASON, J. On September 29, 1923, Fred W. Levin was in the employ of the Graver Corporation and engaged with a large number of fellow workmen in building a steel tank. He was receiving wages at the rate of $4 per day. While at work, on the top of the wet roof, he slipped and fell and struck his head and back. The employe filed his action before the Industrial Commission for compensation. The trial of the cause resulted in a finding of fact in favor of the claimant and an award based upon temporary total disability. The insurance carrier and the employer have commenced this proceeding to review the judgment of the Industrial Commission within the statutory time.

For reversal, it is first urged that the findings of the Industrial Commission, as to the injury sustained by the claimant, are insufficient to sustain the award, for the reason that no specific finding was made that the injury "arose out of" the employment. The Commission found that the claimant was in the employment of the respondent and was engaged in a hazardous occupation within the meaning of the statute, and while in the employment of said respondent and in the course of his employment the claimant sustained an accidental injury on September 29, 1923. A finding that claimant's injury arose "in the course of his employment," however, is not equivalent to a finding that it "arose out of" such employment. Bradbury's Workmen's Compensation (3d Ed.) 461. Section 7285, Comp. Okla. Stat. 1921, provides, in part, as follows:

"Every employer subject to the provisions of this act shall pay, or provide as required by this act compensation according to the schedules of this article for the disability of his employe resulting from an accidental personal injury sustained by the employe arising out of and in the course of his employment. * * *"

Associated Employers' Reciprocal et al. v. State Industrial Commission et al., 83 Okla. 73, 200 Pac. 862, is cited and relied on by plaintiffs in error. An examination of that case discloses that it is not in point. The award of the Commission in favor of the claimant in that case was reversed because there was no evidence to sustain the claimant's contention that his deafness "arose out of" an injury which was received in the course of his employment. In the instant case, the evidence discloses that the claimant's injury "arose out of" his employment, and the plaintiffs in error offered no evidence to the contrary.

Section 7295, Comp. Okla. Stat. 1921, provides:

"In any proceeding, for the enforcement of a claim for compensation under this act, it shall be presumed in the absence of substantial evidence to the contrary:

"1. That the claim comes within the provisions of this act.

"2. That sufficient notice thereof was given."

Inasmuch as the evidence showed that the claimant's injury "arose out of" his employment, and no substantial evidence to the contrary was introduced by the respondent, we must conclude that the contention of the plaintiffs in error is without merit.

Petitioners next complain because the Commission failed to fix a period of time during which the claimant should be compensated. Under section 7290, Comp. Okla. Stat. 1921, as amended by Session Laws of 1923, p. 123, sec. 6, said order should have been limited to 300 weeks. The employe may be able to return to service before that time may expire, but if not, the insurance carrier may raise this question at that time.

It is next contended that the award of the Commission is improper because written notice of the injury was not filed nor given to the employer by the claimant within the time required by the statute. It is urged that such failure has prejudiced the respondent and insurance company, for the reason that the employment in which the claimant was engaged was of such nature that the employes were moved from place to place, and that it was impossible to get in touch with them after an extraordinary length of time had expired. No answer, however, was filed alleging this as a defense, nor was any evidence introduced tending to show that due and proper notice was not served upon the respondents by the claimant within 30 days. Therefore, we would be justified, under section 7295, supra, in presuming that due notice was served upon the respondents and the Commission; but this is not necessary. The evidence discloses that respondent had notice of claimant's injury the day it occurred; that respondent immediately employed a physician to treat claimant; that within four days after claimant's injury the respondent, made a written report to the Commission setting out all the details of his injury and containing all the information required by the statutes and a statement that the injury "may be serious"; and that respondent received reports from time to time from the physician employed by it as to claimant's condition. If it be true, as suggested in their brief by plaintiffs in error, that persons in the employ of the respond-

ent at the time of the injury were of the "fly-by-the-night" kind, nevertheless, respondent, knowing of the injury the day it was received, knowing all of the details two days later sufficient to make a full report to the Commission, and knowing that claimant's injury "may be serious," had ample opportunities to make a complete investigation before the other employes severed their connection with the respondent.

In Oklahoma Gas & Electric Co. v. Thomas et al., 115 Okla. 67, 241 Pac. 820, this court held as follows:

"In an action to enforce compensation for an injury to an employe under the Workmen's Compensation Act, where it appears that no written notice of the injury was given, as required by section 7292, C. S. 1921, a want of prejudice to the employer by reason of a failure to give the written notice sufficiently appears where it is shown that the employer had actual notice of such injury, soon after it occurred, and, with full knowledge of the injury, omitted to administer any relief; and where the employe makes proof of such actual notice of his injury, the burden of proof then shifts to the employer to show that in spite of such notice he is still prejudiced by the failure to give the written notice."

We may concede, therefore, that no notice was served for the claimant within the statutory time, and yet no evidence was offered even tending to show that respondent or the insurance carrier was in any way prejudiced thereby.

It is next urged that the evidence is such as to create considerable doubt as to the extent of claimant's disability. This was a question of fact determined by the Commission upon competent evidence adversely to such contention, and is final and will not be disturbed by this court in a proceeding for reviewing the award. U. S. F. & G. Co. et al. v. Ind. Com., 112 Okla. 230, 240 Pac. 634; Grace v. Vaught et al., 108 Okla. 187, 235 Pac. 590; Rector v. Roxana Petroleum Co., 108 Okla. 122, 235 Pac. 183; Scruggs Bros. & Bill Garage v. State Industrial Commission, 94 Okla. 187, 221 Pac. 470.

From an examination of the entire record herein, we are of the opinion that the award of the Industrial Commission should be, and the same is hereby affirmed.

NICHOLSON, C. J., BRANSON, V. C. J., and HARRISON, PHELPS, LESTER, HUNT, CLARK, and RILEY, JJ., concur.

Note.—See under (1) Workmen's Compensation Acts C. J. p. 72 § 63; anno. L. R. A. 1916A, 40, 232; L. R. A. 1917D, 114; L. R. A. 1918F, 896; 28 R. C. L. p. 801; 3 R. C.