## COURSON v. CONSOLIDATED FUEL CO. et al.

No. 16002—Opinion Filed Sept. 7, 1926.

(Syllabus.)

Master and Servant—Workmen's Compensation Law—Conclusiveness of Findings of Fact.

A judgment of the State Industrial Commission is final as to all questions of fact, and this court is not authorized to weigh the evidence upon which a finding of fact is based.

Appeal from State Industrial Commission.

Proceedings in the Supreme Court by H. E. Courson to review a judgment of the Industrial Commission for compensation from the Consolidated Fuel Company and the Integrity Mutual Casualty Company. Affirmed.

C. E. B. Cutler, for plaintiff in error.

Twyford & Smith (Samuel A. Harper, of counsel), for defendants in error.

PHELPS, J. The Consolidated Fuel Company, appearing here as one of the defendants in error, was a corporation engaged in mining coal at Dewar, Okmulgee county, Okla. The Integrity Mutual Casualty Company, also appearing here as defendant in error, was an insurance company carrying the insurance insuring the employees of the coal company, against injury by accident. H. E. Courson, appearing here as plaintiff in error, was employed at the mine by the miners in the capacity of what is termed a "check weighman," it being his duty to watch the coal weighed by the coal company as it comes out of the mine and see that each miner gets credit for all the coal he produces. It appears that an agreement existed between the coal mine owners or operators and the miners, one clause of the agreement being as follows:

"It is agreed that the miners may employ a check weighman to see that coal is properly weighed and a correct record made thereof, and when such check weighman is employed the company shall furnish him a check number and he shall credit to his number such portion of each miner's coal as he may be authorized to do by the local union."

It appears that the coal company had nothing to do with the employment of plaintiff in error, and had no authority to discharge him without the consent of the mine workers, and that he performed no services for the coal company except that he testified that he was required to make out "a turn sheet for the pit boss" when requested so to do. On January 17, 1924, while assisting the "weigh boss" in pushing a car of coal off of the scales, he claiming that he was requested to do so by the weigh boss, and the weigh boss claiming that it was a voluntary act on his part, he fell and received personal injuries. He filed his claim with the State Industrial Commission for compensation under the Workmen's Compensation Act, claiming that he was an employee of the coal company within the contemplation of that act. The Industrial Commission heard the evidence, from which it made its findings of fact, dismissing his claim upon the grounds that he was not an employee of the coal company at the time he received the injuries complained of, from which finding the claimant brings his case to this court for review.

It will thus be seen that the sole question here is whether claimant was in the employment of the coal company at the time he received the injuries complained of, and this being a disputed question of fact this court has no authority to disturb the finding of the Industrial Commission where there is evidence reasonably tending to support such finding.

In the very recent case of United States F. & G. Co. v. State Industrial Commission, 112 Okla. 230, 246 Pac. 634, in the first paragraph of the syllabus this court said:

"A finding of fact made by the Industrial Commission upon issues of fact involved in the trial of a cause is final, and this court is not authorized to weigh the evidence on a review of the judgment to determine the sufficiency thereof."

Also, in Rock Island Coal Mining Co. v. U. S. Fidelity & Guaranty Co., 112 Okla. 250, 240 Pac. 635, in the first paragraph of the syllabus this court said:

"A judgment of the Commission is final as to all questions of fact, and this court is not authorized to weigh the evidence upon which a finding of fact is based."

We have examined the record in this case, and reach the conclusion that the finding of the State Industrial Commission on the disputed question of fact as to whether claimant was an employee of the coal company, is amply sustained by the evidence and we will not disturb such finding.

Affirmed.

NICHOLSON, C. J., BRANSON, V. C. J., and MASON, LESTER, HUNT, CLARK, and RILEY, JJ., concur.

Note.—See Workmen's Compensation Acts C. J. p. 122, §127; anno. L. R. A. 1916A, pp. 178; 266; L. R. A. 1917D, 189; 28 R. C. L. p. 829; 3 R. C. L. Supp. 1600; 5 R. C. L. Supp. p. 1872.