## WILLIAMS v. BLACK-SIVALLS & BRYSON et al.

No. 17630.    Opinion Filed Sept. 20, 1927.

(Syllabus.)

1. **Master and Servant—Workmen's Compensation Law—Finality of Decision Below as to Facts.**

A judgment of the State Industrial Commission is final as to all questions of fact, and this court is not authorized to weigh the evidence upon which a finding of fact is based.

2. **Same—Order Sustained.**

Record examined; held, to be sufficient to support judgment of the Industrial Commission.

Commissioners' Opinion, Division No. 1.

Proceedings in the Supreme Court by Roy Williams to review a judgment of the Industrial Commission disallowing compensation from Black-Sivalls & Bryson and Fidelity Union Casualty Company.

George Short, Atty. Gen., for the State Industrial Commission.

H. G. Oliver, for defendants in error, Black-Sivalls & Bryson and Fidelity Union Casualty Company.

J. J. Harland and C. H. Parrick, for claimant, Roy Williams.

LEACH, C. Roy Williams, plaintiff in error, claimant, on May 9, 1922, while in the employment of Black-Sivalls & Bryson, respondents, received an injury by a heavy box of bolts falling against his chest or side, and claim was filed with the Industrial Commission, and award was made and allowed and compensation paid claimant from the date of his injury up to February 28, 1923, a receipt being filed on March 3, 1923, with the Commission signed by claimant acknowledging settlement in satisfaction of the claims by reason of the accident. Shortly thereafter, claimant, Roy Williams, filed with the Commission a petition to reopen said cause, alleging that he had attempted to perform his usual labor, but was unable to do so, and was still suffering from the injuries. Thereafter, on June 13, 1923, and on August 29, 1923, hearings were had before the Commission on the motion of claimant to grant further compensation, and thereafter, on the 8th day of November, 1923, the Commission found that the claimant was not entitled to compensation beyond and after February 28, 1923, nor to reimbursement for medical, surgical or hos-

pital expenses beyond said date. Thereafter, an appeal was taken from such ruling and order to the Supreme Court, and the Supreme Court remanded the cause and directed the Commission to take further proceedings and testimony because of inability of claimant to obtain proper record of former hearings. Thereupon, on the 28th day of January, 1926, the Commission reset for hearing de novo the motion and application of claimant, and on February 19, 1926, a rehearing was had and witnesses examined, and further hearings were had and testimony taken on February 22 and March 31, 1926. Thereafter, on June 17, 1926, the Commission found that if the claimant was disabled and unable to perform manual labor on or after February 28, 1923, the said injury sustained on May 9, 1922, was not the proximate cause of such disability, and entered its order that the claimant was not entitled to compensation beyond the 28th day of February, 1923, nor for reimbursement for medical, surgical or hospital expenses beyond said date, and claimant brings this appeal.

The claimant was examined, and under the treatment of a number of reputable physicians following his injury, and from their testimony it appeared they were unable to determine the cause of the pain and incapacity of the claimant; that they found no evidence of injury or inability from the accident suffered by claimant on May 9, 1922, and an offer of treatment by an operation was apparently tendered the claimant by insurance carrier but refused.

Thereafter claimant secured other additional medical and surgical treatment, and on July 5th was operated upon, and his appendix and gall bladder were removed; the surgeon performing the operation testifying that there was chronic infection of the appendix and gall bladder; that in his opinion the condition of the appendix and gall bladder was not caused by the accident, although it might have been aggravated thereby. Following the operation the claimant was able to return to his labors, and apparently fully recovered from his ailment.

This court in a number of cases has held:

"A finding of fact made by the Industrial Commission upon issues of fact involved in the trial of a cause is final, and this court is not authorized to weigh the evidence on a review of the judgment to determine the sufficiency thereof." U. S. F. & G. Co. v. State Industrial Commission et al., 112 Okla. 230, 246 Pac. 634.

"A judgment of the Commission is final as to all questions of fact, and this court is not authorized to weigh the evidence upon which a finding of fact is based." Courson v. Consolidated Fuel Co. et al., 121 Okla. 170, 249 Pac. 155.

See, also, R. I. Coal Mining Co. v. U. S. F. & G. Co., 112 Okla. 250, 240 Pac. 635.

We have examined the record in this case and reach the conclusion that the finding of the State Industrial Commission is reasonably supported and sustained by the evidence, and that its judgment should not be disturbed. Therefore the judgment of the Commission is affirmed.

BENNETT, TEEHEE, REID, and FOSTER, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) Workmen's Compensation Acts—C. J. p. 122, §127; 28 R. C. L. 828. (2) Workmen's Compensation Acts —C. J. p. 115, §114.