**O. M. BILHARZ MINING CO. et al. v. STATE INDUSTRIAL COMMISSION et al.**

No. 18490. Opinion Filed Jan. 24, 1928.

Rehearing Denied Feb. 28, 1928.

(Syllabus.)

**1. Master and Servant—Workmen's Compensation Law—Review—Finality of Findings of Fact.**

The finding of the State Industrial Commission as to all questions of fact is final, if there is any evidence tending to support the same. (Aetna Life Ins. Co. v. State Indus. Com., 109 Okla. 65, 234 Pac. 765.)

**2. Same—Award Sustained.**

Record examined, and held, that there is evidence tending to support the finding of the Commission.

Commissioners' Opinion, Division No. 2.

Action by the O. M. Bilharz Mining Company and the United States Fidelity & Guaranty Company to review an award of the State Industrial Commission to Charles Donison. Affirmed.

Owen, Armstrong, Short & Looney, for plaintiffs in error.

Edwin Dabney, Atty Gen., Ralph G. Thompson, Asst. Atty. Gen., and W. R. Chestnut, for defendants in error.

Opinion by DIFFENDAFFER, C. This is an appeal from an award of the State Industrial Commission in favor of Charles Donison. The award was for the permanent loss of an eye.

But one proposition is presented by petitioners—that is, that there is no competent evidence to sustain the findings of the Commission or the order and award based thereon. The contention is that there is no competent evidence to the effect or tending to prove that the loss of the vision of the left eye of claimant was caused by the accident.

It is conceded by both parties that the law is:

"Where there is no evidence to support the finding of an essential fact, then it becomes a question of law, which being properly presented should be determined by this court."

It is also conceded that the decision of the State Industrial Commission, as to all questions of fact, is conclusive and final and binding on this court, if there is any competent evidence to support the same.

The only question for determination here is whether or not there is any competent evidence tending, to support the finding of the Industrial Commission that on September 17, 1926, "* * * the claimant suffered an accidental injury, which resulted in the permanent loss of claimant's left eye."

The facts, disclosed by the evidence, which are not disputed are that on September 17, 1926, while an employee of the mining company in a hazardous occupation, claimant and one White were engaged in breaking some boulders; that White struck one of the boulders with a hammer and some pieces or particles of the boulder struck claimant in the eye; that he did not at that time think his eye was seriously injured and continued with his work. A short time thereafter, while opening a box containing powder, which was packed in sawdust, claimant got some of the sawdust in his eye. That he, thereafter, went to a physician, who removed some particles of sand from his eye; that shortly thereafter he noticed the vision of his eye to be failing, and on November 29th he consulted a specialist, who found claimant suffering from an involvement of the lens of the left eye, a condition called cataract. At that time he had no useful vision in that eye.

The contested question is: Did the injury cause the cataract? The Commission found that it did. The first physician claimant consulted testified that claimant had a cataract when he first consulted him, which was some three weeks after the first accident.

The evidence was that before the particles from the boulder struck him in the eye his vision was good. Both physicians testify that cataract may be caused by trauma (injury) or by disease. They both testify that traumatic cataract develops rapidly; that those brought about by other causes develop gradually.

The physician who first treated him was quite positive that the cataract was one of long standing, and that in his opinion it had existed for at least a year, and very likely longer.

On the other hand, claimant testified that at no time before the injury was his vision in that eye impaired, and that he did not notice or know of the existence of the cataract until after the injury.

A number of his acquaintances, including his barber, who had shaved him for about seven years, testified that they had never noticed anything about his eye that would indicate the existence of the cataract prior to the time of the injury.

It would therefore appear that there is evidence tending to support the finding of the Commission that the injury caused the loss of the use of the eye. True, the evidence on this point is conflicting, but the rule is well established that the findings of fact made by the State Industrial Commission will not be reviewed where the evidence is conflicting. Courson v. Consolidated Fuel Co. et al., 121 Okla. 170, 249 Pac. 155; U. S. F. & G. Co. v. State Industrial Commission et al., 112 Okla. 230, 240 Pac. 634; U. S. Zinc Co. v. Little et al., 109 Okla. 214, 235 Pac. 523; Aetna Life Ins. Co. et al. v. State Industrial Com. et al., 109 Okla. 65, 234 Pac. 765.

The petition should be, and is hereby, denied, and the award of the State Industrial Commission is affirmed.

BENNETT, HALL, HERR, and JEFFREY, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) Workmen's Compensation Acts—C. J. p. 122, §127; anno. L. R. A. 1916A. 266; L. R. A. 1917D, 188; 28 R. C. L. p. 828; 3 R. C. L. Supp. p. 1600; 4 R. C. L. Supp. p. 1872; 5 R. C. L. Supp. p. 1580; 6 R. C. L. Supp. p. 1766. (2) Workmen's Compensation Acts, C. J. p. 115, §114.