## OLSON DRILLING CO. et al. v. TRYON et al.

No. 22206.   Opinion Filed June 23, 1931.

Randolph, Haver, Shirk & Bridges, for petitioners.

Price & Brooks, J. Berry King, Atty. Gen., and Robert D. Crowe, Asst. Atty. Gen., for respondents.

SWINDALL, J. This is an original proceeding to review an award of the State Industrial Commission. The respondent, Jim Tryon, was claimant before the Commission, Olson Drilling Company was respondent, and the Travelers Insurance Company insurance carrier. The claimant did not give notice of alleged injury as required by section 7292, C. O. S. 1921. The petitioners contend that the burden was on the claimant, respondent herein, to excuse such failure by affirmative proof that his employer or the insurance carrier were not prejudiced thereby. The claimant contends that the petitioner Olson Drilling Company had actual knowledge of the accidental injury, and that this shifted the burden to the petitioners to show that, in spite of such actual notice, they have still been prejudiced by the failure to receive a written notice. The claimant, Jim Tryon, at the time of the alleged accidental injury was employed by the Olson Drilling Company as a fireman to fire the boilers generating steam in the engine used in the operation of the drilling machinery in drilling an oil well in the Oklahoma City field. The steam pressure required to be maintained was 350 pounds. A flange on the steam line became defective, producing a sound like a whistle. The claimant testified that he was working 15 or 16 feet from the steam line, which was connected with the boiler, and that he informed the driller, who was foreman over him and whose duty it was to report accidents to the company, that his hearing was "getting bad," and that he should have medical attention. The driller told him it would be all right in a few days. The respondent herein claims that on several occasions he notified the driller of the effect the escaping steam was producing on his hearing. The respondent worked under the sound of this noise like the sound of a whistle from the 12th to the 16th day of July, 1930. The claimant claims compensation for loss of hearing. There is competent evidence in the record that the claimant notified the driller of the accident and requested medical attention, while the driller denied any such notice or request. There was also competent evidence that noise of this character might produce an injury to the hearing. Upon the evidence the Commission found:

"(1) That on July 12, to about July 16, 1930, the claimant was in the employment of said respondent and engaged in a hazardous occupation subject to and covered by the provisions of the Workmen's Compensation Law, and that on said date said claimant sustained an accidental injury arising out of and in the course of his employment, by receiving an injury to both ears, through loss of hearing.

"(2) That the claimant's average daily wage at the time of said accidental injury was $7.50 per day.

"(3) That by reason of said accidental injury, the claimant has sustained approximately 60 per cent. permanent partial loss of hearing in the right ear, and approximately 20 per cent. permanent partial loss of hearing in the left ear.

"(4) That neither the respondent nor insurance carrier were prejudiced by the failure of the claimant to give written notice within 30 days as required by section 7292, Compiled Statutes of Oklahoma 1921, for the reason the respondent, through its agent, had actual notice of the injury.

"Upon consideration of the foregoing facts, the Commission is of the opinion that the claimant is entitled to $1,200, as a reasonable award for approximately 60 per cent. less of hearing in the right ear, and approximately 20 per cent. loss of hearing in the left ear."

The Commission awarded the claimant, the respondent herein, the sum of $1,200, and all medical, doctor, and hospital bills incurred by reason of said accidental injury. This action is to review said award. The rule is well established in this state that a finding of fact made by the Industrial Commission upon issues of fact involved in the trial of a cause is final, and this court is not authorized to weigh the evidence on a review of the judgment or award to de-

termine the sufficiency thereof. United States Fidelity & Guaranty Co. v. State Industrial Commission, 112 Okla. 230, 240 Pac. 634; Rock Island Coal Mining Co. v. United States Fidelity & Guaranty Co., 112 Okla. 250, 240 Pac. 635; Hidden Treasurer Coal Co. v. Urist, 112 Okla. 245, 240 Pac. 640; Graver Corporation v. State Industrial Commission, 114 Okla. 140, 244 Pac. 438; Courson v. Consolidated Fuel Co., 121 Okla. 170, 249 Pac. 155; Oklahoma Gas & Electric Co. v. Thomas, 115 Okla. 67, 241 Pac. 820; Bilharz Mining Co. v. State Industrial Commission, 129 Okla. 271, 264 Pac. 622; Williams v. Black-Sivalls & Bryson, 127 Okla. 32, 259 Pac. 550. It seems to be equally well settled that, in an action to inforce compensation for an injury to an employee under the Workmen's Compensation Law, where it appears that no written notice of the injury was given, as required by section 7292, C. O. S. 1921, a want of prejudice to the employer by reason of failure to give the written notice sufficiently appears, where it is shown that the employer had actual notice of such injury soon after it occurred, and with full knowledge of the injury, omitted to administer any relief; and where the employee makes proof of such actual notice of his injury, the burden of proof then shifts to the employer to show that, in spite of such actual notice, he is still prejudiced by the failure to give the written notice. Oklahoma Gas & Electric Co. v. Thomas, supra; Lawrence v. State Industrial Commission, 120 Okla. 197, 251 Pac. 40; United States Fidelity & Guaranty Co. v. State Industrial Commission, 120 Okla. 277, 251 Pac. 597; Ford Motor Co. v. Ford, 128 Okla. 221, 262 Pac. 201; United States Fidelity & Guaranty Co. v. Cruse, 129 Okla. 60, 263 Pac. 462.

The Oklahoma decisions are cited with approval by the Court of Appeals of Missouri, in Schrabauer v. Schneider Engraving Product, Inc., et al., 25 S. W. (2nd Series) 529. In Oklahoma Gas & Electric Co. v. Thomas, supra, this court cites a note to State ex rel. City of Northfield v. District Court of Rice County, 131 Minn. 352, 155 N. W. 103, Ann. Cas. 1917D, the note appearing at page 874. In the note numerous cases from the English and American courts are cited declaring the same rule as stated by this court. Counsel for petitioners rely upon Fidelity Union Casualty Co. v. State Industrial Commission, 130 Okla. 65, 265 Pac. 131, the first paragraph of the syllabus being:

"As a general rule the mere failure on the part of the claimant to give written notice of his injury in strict compliance with the terms of the statute will not bar a claim for compensation under the Workmen's Compensation Act where the employer has actual notice of the injury, in the absence of proof by the employer or insurance carrier that prejudice has resulted because of the failure to give such written notice."

In that case the claimant was president and manager of the El Reno Foundry & Machine Company, a corporation, and his wife was secretary. Practically all of the stock of the corporation was owned and held by the claimant, his wife, sister, and his cousins. Claimant's alleged injury occurred August 12, 1924, while he was superintending the cutting of weeds in the foundry yard. The injury consisted of a scratch on the ankle caused by the stub of a weed. This scratch was several inches in length and deep enough to draw blood. This injury healed up in four or five days, and caused claimant no serious trouble until the 18th of September, at which time infection developed. Two physicians were then consulted who pronounced his trouble blotsomycosis, said to be a disease caused by infection from a foreign germ. Other physicians, however, testified that claimant's trouble was caused by infection from his teeth. On October 28th, claimant gave written notice of his injury to his wife, who was secretary of the corporation, and requested medical attention, and on November 12th gave notice of the accident to the Industrial Commission and insurance carrier. On July 2, 1925, he filed his claim for compensation. In that case the court followed the rule announced by this court in the case of Cameron Coal Co. v. Collopy, 102 Okla. 207, 228 Pac. 1100; Hales v. Oklahoma Producing & Refg. Co., 109 Okla. 286, 232 Pac. 42, holding that failure to give such notice will bar a claim under such section, unless the claimant shall excuse such failure by affirmative proof that such notice could not have been given or that his employer was not prejudiced thereby. In that case claimant was drawing a salary of $42 per week and received same from the date of his alleged injury to date of hearing before the Commission. The court then said:

"We think the facts in the instant case bring it within the rule announced in the above cases, and readily distinguish it from the cases of Graver Corporation v. State Industrial Commission, 114 Okla. 140, 244 Pac. 438, and Oklahoma Gas & Elec. Co. v. Thomas, 115 Okla. 67, 241 Pac. 820."

There is competent evidence in the record to show that the respondent, Jim Tryon, notified the driller that the shrill noise from the escaping steam was injuring his hearing and requested medical attention. There is also competent evidence in the record that it was the duty of the driller to report accidents to the company. The Industrial

Commission found from the evidence that the respondent, the petitioner herein, through its agent had actual notice of the accident.

It is generally held that knowledge by a foreman of the accident is the knowledge of the employer so as to dispense with formal notice. Bloom's Case, 222 Mass. 434, 111 N. E. 45; McLean's Case, 223 Mass. 342, 111 N. E. 783; Murphy's Case, 226 Mass. 60, 115 N. E. 40; Johansen v. Union Stock Yards Co., 99 Neb. 328, 156 N. W. 511; Parker-Washington Co. v. Industrial Board, 274 Ill. 498, 113 N. E. 976.

In Re Murphy's Case, supra, the Supreme Court of Massachusetts said:

"It also is contended by the insurer that Reardon, the foreman, whom the plaintiff informed of his injury, was not an agent authorized to receive such information. Reardon was the foreman in the defendant's construction department. Murphy worked under him and received orders and instructions from him. The proper management of the employee's work was in the care of Reardon, who represented the employer; for this purpose he was its agent, and his knowledge was the knowledge of the defendant."

The Workmen's Compensation Law is remedial in its nature and must be given a liberal construction to accomplish the purposes intended.

There is competent evidence in the record to establish the facts: That the shrill whistle produced by the escaping steam may result in an injury to the hearing; that the respondent notified the driller that the noise produced by the escaping steam was injuring his hearing, and requested medical aid; that a portion of the loss of hearing was due to the effect on the nerves of the respondent and that a portion may have been due to a chronic catarrhal afflication of the claimant; that medical aid was not likely to cure a loss of hearing produced by nerve shock, and that in the event the petitioner had received the 30-day notice and furnished medical aid, such aid would not have prevented the loss of hearing, and that the steam escaped for several days producing a noise like a whistle, the shrillness and severity of the noise being disputed by the witnesses. There was also evidence that the claimant was examined for duty during the World War and no objection was made on account of his hearing. All of these issues were required to be established by proof and there was some competent evidence offered by the claimant to prove all issues upon which the burden rested upon him to establish. There was no evidence offered by the petitioners that they were prejudiced by failure to receive notice. The evident object of giving notice is in order that the employer or insurance carrier may furnish necessary medical or surgical aid, medicines or hospital attendance and such other remedial aid as is provided for in the Workmen's Compensation Law; also, that the employer and insurance carrier may have an opportunity to investigate the claim for compensation on account of the alleged accidental personal injury to determine whether or not the same is meritorious. The Commission found that the petitioners were not prejudiced, and there is competent evidence in the record to sustain this finding. We have carefully examined the record, and are of the opinion that each of the questions presented to us by the petition for review are questions of fact upon which some competent evidence was offered which sustains the findings and award of the Industrial Commission. Under the law, the Industrial Commission might have awarded the claimant not exceeding $3,000 for loss of hearing. Its findings are that the respondent only sustained a partial loss of hearing, and it allowed him compensation in the sum of $1,200. The Commission evidently took into consideration the effect the impairment of the hearing of the respondent would have upon his wage-earning capacity in making its award. In this, we think the Commission was correct.

For the reasons stated, the award of the Industrial Commission is affirmed.

LESTER, C. J., CLARK. V. C. J., and RILEY, HEFNER, CULLISON, ANDREWS, McNEILL, and KORNEGAY, JJ., concur.