### MARLOW v. COMMERCE MINING & ROYALTY CO.

No. 23884. Opinion Filed May 2, 1933.

R. C. Payne and J. J. Smith, for petitioner.

A. Scott Thompson and Ray McNaughton, for respondent.

OSBORN, J. This is an original proceeding in this court filed by J. F. Marlow against the Commerce Mining & Royalty Company, to review an order of the Industrial Commission made on June 17, 1932, wherein the Commission denied the motion of claimant to reopen the cause on the ground of a change of condition.

The record shows that claimant was injured on October 1, 1924, while employed by respondent as a shoveler in a mine when a rolling stone struck him on the left leg; that the respondent settled with the claimant for a temporary total disability by the payment of $216, which was approved by the Commission.

On February 26, 1931, claimant filed a motion to reopen the cause on the ground of a change of condition, alleging, in effect, that since the time of the injury his leg had never completely healed, but grew worse, and at the present time he is permanently partially disabled, and that the present condition is due to the original injury suffered on October 1, 1924.

The local physicians testified that the condition of claimant's leg at the present time is a disease known as dermatitus. They did not testify positively that this disease was brought about by the injury but that the injury might have caused the condition by the lowering of vitality of claimant.

At the request of the Commission, Dr. Leroy Long, Sr., made an examination of claimant and was assisted by Dr. A. L. Blesh and Dr. E. S. Lain, the latter being recognized as a specialist in dermatology. The consensus of the testimony of Dr. Blesh was to the effect that they were not positive whether the disease of claimant's leg was lichen or keloid; that if it was keloid the injury was probably a contributing factor; if it was lichen, then the injury was not connected in any manner with the disease, according to the latest medical authorities. Subsequent to the date of the hearing, Dr. Lain submitted a supplemental report, in which he stated that a section of tissue had been removed from the infected area of the claimant's leg, and certain laboratory tests made, which convinced him and his associates that the disease was lichen (lichen hypertrophicus nodularis or lichen hypertrophicus verrucosis). The report concludes:

"The cause of lichen hypertrophicus, according to late text-books and the best authorities, is considered due to systematic conditions, more especially to circulating toxins from focal infections, such as teeth, tonsils, gall bladder, kidneys, etc. Trauma from external irritations might possibly precipitate such an eruption over or near the injured skin, though it is not looked upon by any authority as a direct cause of such disease."

The Industrial Commission found the evidence to be insufficient to sustain the motion to reopen and award further compensation. The rule is well settled that a finding of fact by the Industrial Commission will not be disturbed by this court where there is any competent evidence reasonably supporting it. Courson Consolidated Fuel Co., 121 Okla. 170, 249 P. 155; Wentz v. Brookshire, 150 Okla. 92, 300 P. 652.

It might be said that the ailment of claimant is so unusual that even the best medical specialists were somewhat in doubt as to the nature of the disease, and as to whether or not the present condition of claimant was in any manner connected with the injury. It is shown, however, that on November 10, 1925, while in the employ of another company, claimant was injured when a dynamite cap exploded; that he lost one eye and suffered a 50 per cent. loss of vision in the other eye, and lost a part of his right thumb. In view of these facts, and other circumstances connected with the case, coupled with the fact that the motion to reopen was filed six years and five months after the date of the injury, it could not be said that there is no evidence reasonably tending to support the finding of fact of the Commission.

The action of the Commission in denying leave to reopen is sustained.

CULLISON, V. C. J., and SWINDALL, ANDREWS, McNEILL, and BAYLESS, JJ., concur. RILEY, C. J., and BUSBY and WELCH, JJ., absent.