## MONTGOMERY v. STATE INDUSTRIAL COMMISSION et al.

No. 26910.　Oct. 6, 1936.

Robert W. Gibbs, for petitioner.

A. Scott Thompson and Ray McNaughton, for respondent Commerce Mining & Royalty Company.

Mac Q. Williamson, Atty. Gen., and Houston W. Reeves, Asst. Atty. Gen., for respondent State Industrial Commission.

CORN, J.　Petitioner herein was employed as a miner by the Commerce Mining & Royalty Company, respondent, and while engaged

In the course of his employment on the 8th day of January, 1931, he was injured by a cave-in at the mine, where falling rock injured his head, left shoulder, and back.

He was injured about noon that day, and was taken while unconscious to the Baptist Hospital at Miami, where he regained consciousness sometime during the following day.

Medical attention was given him at once by his employer, and a report of the employer, on form No. 2 of the commission, termed "Employer's First Notice of Injury," was filed with the commission on January 17, 1931, in which the "nature and extent of injury" was given as follows: "Bruised shoulder and cut back of head"; and on February 6, 1931, a form No. 6 of the commission, termed "Report of Initial Payment of Compensation," was filed by his employer with the commission, in which the "nature of injury" was given by the employer as follows: "Rock fell from side of drift, striking him on shoulders and back of head."

He was paid compensation by his employer for temporary total disability from the date of his injury, less the five days' waiting period, until about the 10th day of June, 1931, when he entered into a settlement with his employer, on form No. 14 of the commission, for 75 per cent. permanent loss of the use of his left arm, which settlement was by the commission approved after medical testimony had fixed his disability at that time as 50 per cent. to 75 per cent. permanent loss of use of his left arm.

An award was made on or about June 10, 1931, by the commission's finding that his disability was 75 per cent. permanent loss of use of his left arm, wherein he was awarded 187½ weeks' compensation at the rate of $13.46 per week for such disability, and his case closed before the commission, and said award paid by his employer in a lump sum.

In January of 1935, he filed his motion to review his case on the ground of a change in condition resulting from his injuries of January 8, 1931, alleging that he had become totally and permanently disabled from engaging in any occupation by reason of a change in condition resulting from his injuries of January 8, 1931. After a hearing before said commission, it made the following order:

"Now, on this 30th day of December, 1935, the State Industrial Commission being regularly in session, this cause comes on to be considered pursuant to a hearing held at Tulsa, Okla., on August 7, 1935, before Chairman Ed Bason, and the evidence heretofore taken, on motion of the claimant to reopen this cause and award further compensation on a change in condition, at which hearings the claimant appeared in person and by his attorney, R. W. Gibbs, and the respondent appeared by its attorney, Ray McNaughton, and the commission after considering all records on file, all testimony and evidence heretofore submitted, and being otherwise well and sufficiently advised in the premises, is of the opinion that claimant's motion to reopen this cause and award further compensation on a change in condition should be denied for the reason that the evidence is insufficient to show that claimant has sustained a change in condition due to the accidental injury.

"It is therefore ordered that claimant's motion to reopen this cause and award further compensation be, and the same is hereby denied, for the reason that the evidence is insufficient to show that claimant has sustained a change in condition due to said accidental injury."

The question to be determined is whether the condition of the petitioner, at the time of his application for further compensation on the ground of a change of condition, was actually changed, and that such was the result of the original injury. As testified to by the two doctors for respondents, they were unable to connect petitioner's changed condition with the accidental injury, while the doctors for the petitioner were of the opinion that he was totally and permanently disabled as a result of said injury.

It has been somewhat a rarity for this court to consider appeals by petitioners where their claims for compensation on change of condition have been denied. Such, however, was the case of Marlow v. Commerce Mining & Royalty Co., 163 Okla. 198, 21 P. (2d) 746, the syllabus being as follows:

"Where there is some competent evidence reasonably tending to support a finding of fact by the State Industrial Commission, upon which an order is based, said order will be sustained."

In addition to the presumption that the evidence of claimant was not sufficient to reopen the case on change of condition, which arises by the commission's decision, there was competent evidence that the condition of claimant was not attributable to his accidental injury.

The order of the commission is affirmed.

McNEILL, C. J., and WELCH, PHELPS, and GIBSON, JJ., concur.