**OSAGE COAL CO. v. STATE INDUSTRIAL COMMISSION et al.**

No. 18391. Opinion Filed Dec. 13 1927.

(Syllabus.)

Master and Servant—Workmen's Compensation Law—Review of Awards—Conclusiveness of Findings of Fact.

The law is now well settled in this state that in a proceeding in this court to review an order of the State Industrial Commission such proceeding is to review errors of law and not of fact. The finding of facts by the Industrial Commission is conclusive upon this court, and will not be reviewed by this court where there is any competent evidence in support of same. Thomas v. Ford Motor Co., 114 Okla. 3, 242 Pac. 765.

Original proceeding to review award of the State Industrial Commission.

Action by the Osage Coal Company to review award of workman's compensation to Victor Enrico. Affirmed.

Monk & McSherry, Geo. L. Hill, and E. P. Hill, for petitioner,

Harris & Lackey, for respondent Enrico.

Edwin Dabney, Atty. Gen., and Wm. L. Murphy, Asst. Atty. Gen., for State Industrial Commission.

HUNT, J. This is an original proceeding in this court to review an award of the State Industrial Commission. It appears from an investigation of the record filed herein that the respondent, Victor Enrico, was in the employ of the petitioner, Osage Coal Company, during the month of November, 1922, and in the course of such employment received an injury to his chest on or about the 14th day of November, 1922. That thereafter on May 24, 1923, the said Industrial Commission made its order and award finding that said Enrico was "temporarily and totally disabled from work," and allowing compensation; that thereafter, on November 9, 1926, upon application of petitioner, another hearing was had before the said Industrial Commission, and the order of the Commission was that "claimant is at this time totally disabled from the performance of manual labor," and compensation was ordered continued. Thereafter, on April 14, 1927, another hearing was had before the Industrial Commission upon application of respondent to discontinue compensation, and on May 4 1927, the Commission made its finding that said respondent was and is totally disabled, and that said total disability is permanent, and ordered compensation continued. The Commission further found as follows:

"That from the evidence presented at the hearing on April 14, 1927, no competent testimony was introduced tending to show that claimant's present disability was not the result of and caused by the accidental injury of November 14, 1922."

Upon these findings the Commission ordered that compensation be continued at the rate of $18 per week during the period of claimant's disability, not to exceed 500 weeks, or until otherwise ordered by the Commission. It is this last order of the

Industrial Commission, petitioner seeks to have reviewed in this proceeding.

The sole ground relied on by petitioner, as disclosed by its petition filed herein, is that the evidence is insufficient to sustain the order and award of the Industrial Commission. Petitioner contends that respondent's present disability is not due to the injury he received while in the employ of petitioner, but is due to pulmonary tuberculosis, and that same was not and could not have been caused by said injury. The only question then presented for our consideration is whether or not there is any evidence tending to support the finding of the Commission. This is admitted both by respondent and petitioner and is well settled by numerous decisions of this court. We have carefully examined the transcript of all the proceedings in this matter before the Industrial Commission, and have likewise carefully considered the briefs filed herein by both parties.

Petitioner in its brief relies on the testimony of Doctors Willour McCarley, Pemberton, Barton, and Norris given at the hearing held before the Commission on October 4, 1926, and also on the testimony of Dr. George Kilpatrick and Drs. Willour and Pemberton at the last hearing had herein before the Commission on April 14, 1927. The substance of this testimony relied on by the petitioner was that respondent had tuberculosis, and that there was no such thing as traumatic pulmonary tuberculosis, or tuberculosis caused from injury, and petitioner therefore contends that this testimony conclusively shows that respondent's present disability could not be, and was not caused by the injury received while in the employ of petitioner, and compensation heretofore awarded for same by the Industrial Commission should be discontinued. On the other hand, respondent relies on other testimony of some of the same doctors above referred to, to wit, Doctors Willour, McCarley Pemberton, and Kilpatrick, a portion of which, as disclosed by the record, was as follows:

"The petitioner introduced Dr. T. H. McCarley, of McAlester, Okla., who on direct examination testified as follows:

" 'Q. Doctor, would a blow on the chest aggravate or accelerate T. B. germs that were there? A. If I understand your question, I would like to say that the authorities state that trauma on site of T. B. infection may precipitate an active T. B.— bring it about. In my own observation I have never seen a case in which I would figure that trauma had the least effect on it.'

"On cross-examination Dr. McCarley testified, in response to questions by counsel for respondent, as follows:

"Q. Dr. McCarley, a great many people have T. B. bacilli in their lungs, do they not? A. Yes, sir. Q. And the greater quantities of people throw it off don't they? A. No, they don't. Q. They are dormant then, you might say? A. Yes. Q. And anything that lowers a man's vitality might precipitate or cause it to become active, the T. B. bacilli? A. Anything that lowers a man's vitality might contribute to the T. B. becoming active. Q. In other words, if a man in good health otherwise—a man would be more likely to develop T. B. and the T. B. would be more likely to become active if his vitality were lowered either by an infection or by disease? A. Yes, that is correct'."

Petitioner at said hearing also produced Dr. R. K. Pemberton, a practicing physician of McAlester, Okla., who on cross-examination, testified as follows:

"Q. Doctor, most people have T. B. bacilli in their lungs, do they not? A. I think about 98 per cent. of us start out—that at least 98 per cent. of us at some time or other in life have the bacilli. Q. And anything that would lower the powers of resistance and vitality might cause that T. B. to become active? A. Yes that is the theory. Anything that lowers the vitality, if you have an infection of T. B., will make a favorite lodging and set up the disease. Q. A man, 30 years of age, had never had any symptoms of T. B., receiving an injury that would incapacitate him from labor and necessitate him staying in bed three weeks, that would lower his vitality considerably? A. Yes. Q. And it might if there were T. B. bacilli in the lungs, it might cause that to become active? A. Yes, it might. Q. You are familiar with the statistics with reference to the per cent. of adults who have T. B. bacilli in the lungs? A. You mean the disease? Q. The bacilli in the active—just the bacilli, not the active disease itself. A. I think every human being has had it at sometime or other. Q. But, Doctor, I ask you if any injury or any disease that lowers the powers of resistance or impairs the vitality, if that is not calculated to excite the bacilli and make it active? A. I can answer "yes" to that. Q. It would not make any difference then whether it was a chest injury, or a broken arm or any other kind of injury, it would lower the powers of resistance? (Petitioner again objected and upon being overruled the witness answered:) A. I would say that it would make him more susceptible to any infection, yes, sir.' "

It seems, therefore, from this testimony and other testimony which we deem it unnecessary to set out in full herein that the doctors are pretty well agreed that the injury received by respondent could not of itself cause tuberculosis. It further appears, however, from the testimony of these doctors a large per cent. of people, if not all, as testified to by Dr. Kilpatrick, and Dr. Willour, at one time or another have what is known as the T. B. bacilli; that in some cases it is arrested, or never becomes active, and further than an injury or anything occurring to lower a person's vitality or power of resistance might, and very likely would, cause it to become active, if present, whereas otherwise it might never become active.

It further appears from the record that at the time of the injury respondent was an able bodied man about 32 years of age, that he was in good health and never received an injury of any kind. That the injury he received rendered him unconscious for six hours and kept him in bed three weeks, and that he was unable to leave his house for six months. It is not for us to decide in this proceeding whether or not respondent's present disability is in fact due to the injury he received while in the employ of petitioner, but only for us to determine whether or not there is any competent evidence reasonably tending to support the finding of the Commission. The Commission found respondent was in the employ of petitioner; that he received an accidental personal injury; that same arose out of and in the course of his employment, and that as a result of said injury he was totally and permanently disabled. These are findings of fact by the Commission, and from our examination of the record we are unable to say there is no competent evidence in support of same, and the prayer of the petitioner herein must therefore be denied, and it is so ordered. Thomas v. Ford Motor Co., 114 Okla. 3, 242 Pac. 765; Glasgow v. State Industrial Com., 120 Okla. 37, 250 Pac. 138, and numerous other cases to the same effect.

All the Justices concur, except PHELPS. J., absent and not participating.

Note.—See Workmen's Compensation Acts —C. J. p. 122, §127; p. 123, §§127 (Anno), 128; anno. L. R. A. 1916A, 178, 266; L. R. A. 1917D, 186; 28 R. C. L. p. 828; 3 R. C. L. Supp. p. 1600; 4 R. C. L. Supp. p. 1872; 5 R. C. L. Supp. p. 1580; 6 R. C. L. Supp. p. 1765.