**STRINGTOWN CRUSHED ROCK CO. et al.
v. STATE INDUSTRIAL COMMISSION
et al.**

No. 18399.    Opinion Filed Dec. 13, 1927.

(Syllabus.)

**Master and Servant—Workmen's Compensation Law—Review of Awards—Conclusiveness of Findings of Fact.**

The law is now well settled in this state that in a proceeding in this court to review an order of the State Industrial Commission such proceeding is to review errors of law and not of fact. The finding of facts by the Industrial Commission is conclusive upon this court, and will not be reviewed by this court where there is any competent evidence in support of same. Thomas v. Ford Motor Co., 114 Okla. 3, 242 Pac. 765.

Original Proceeding to Review Award of the State Industrial Commission.

Action by the Stringtown Crushed Rock Company and its insurance carrier to review award of workman's compensation to R. S. Hayes. Affirmed.

Cheek & McRill, for petitioner.

Harris & Lackey, for respondent R. S. Hayes.

Edwin Dabney, Atty. Gen, and Fred Hansen, Asst. Atty. Gen., for State Industrial Commission.

HUNT, J. This is an original proceeding in this court to review an award of the State Industrial Commission. Same was filed herein on June 4, 1927, and no briefs have been filed by petitioners though the time allowed within which to do so has long since expired. The grounds upon which petitioners seek to have the award herein reviewed and set aside is that same are contrary both to the law and the evidence and there is no evidence to sustain the findings of the Commission and no finding of fact by the Commission on which to base its award. We have carefully reviewed the transcript of the testimony taken before the Commission at the hearing conducted by the chairman of the Commission in McAlester, Okla., on April 11. 1927, and upon which testimony the order of May 6. 1927, awarding compensation herein was based, and we are clearly of the opinion there is ample testimony to support the finding of the Commission.

It does not appear from the record herein that any errors of law are presented, and petitioners having failed to file brief herein. no question of law is presented for determination. It is well settled that only errors of law will be considered in reviewing awards made by the Industrial Commission, and if there is any evidence reasonably tending to support the award, same will not be disturbed. Glasco v. State Industrial Com., 120 Okla. 37, 250 Pac. 138; Thomas v. Ford Motor Co., 114 Okla. 3, 242 Pac. 765.

Having found from our examination of the record that the findings of the Commission are amply supported by the testimony, and no errors of law being presented for review, it follows that the prayer of petitioner herein must be denied, and it is so ordered.

All the Justices concur, except PHELPS, J., absent and not participating.

Note.—See Workmen's Compensation Acts —C. J. p. 122, §127; p. 123, §§127 (Anno), 128; anno. L. R. A. 1916A, 178, 266; 1917D, 186; 28 R. C. L. p. 828; 3 R. C. L. Supp. p. 1600; 4 R. C. L. Supp. p. 1872; 5 R. C. L. Supp. p. 1580; 6 R. C. L. Supp. p. 1765.