## GILLIAM v. MID-CONTINENT PETROLEUM CORP.

No. 18385. Opinion Filed Feb. 7, 1928.

(Syllabus.)

**Master and Servant—Workmen's Compensation Law—Awards Supported by Evidence not Disturbed on Appeal.**

"Under section 7294, C. O. S. 1921, as amended by chapter 61, section 7, p. 125, Session Laws of 1923, the decision of the Industrial Commission is final as to all questions of fact, and where there is any competent evidence reasonably tending to support the same, the award of the Industrial Commission will not be disturbed on review by this court." Davison v. Wilson & Co., 127 Okla. 45, 259 Pac. 638.

Commissioners' Opinion, Division No. 1.

Proceeding under the Workmen's Compensation Act by H. J. Gilliam, claimant; Mid-Continent Petroleum Corporation, respondent. Action to review an award of the State Industrial Commission denying further compensation. Affirmed.

Lydick, McPherren & Jordan, for complainant.

The Attorney General, Ralph G. Thompson, Asst. Atty. Gen., J. C. Denton, R. H. Wills, J. H. Crocker, F. A. Graybill, and I. L. Lockwitz, for respondent.

REID, C. The complainant, H. J. Gilliam, was an employee of the Mid-Continent Petroleum Corporation, respondent, and while engaged in this employment he sustained an injury on January 1, 1927, by reason of inhaling sulphuric acid fumes, which injury arose out of and in the course of his employment within the meaning of the Workmen's Compensation Law of this state.

The complainant filed his notice of injury and claim for compensation with the State Industrial Commission, and his cause was heard by the Commission on April 21, 1927. On May 3rd an order was made sustaining complainant's claim, and finding that as a result of his injury, occurring as he alleged, he was temporarily totally disabled from January 1, 1927, to February 27, 1927. He was allowed compensation for that time, and the respondent was ordered to pay it, and also to pay all medical expenses incurred by the complainant as a result of the injury.

The complainant thereupon filed a motion to vacate and correct the award, which motion was overruled, and he brings this appeal.

The substance of the complainant's contention is that the Commission erred in hold-

ing that his disability, arising from the injury, ceased on February 27, 1927, and denying him compensation thereafter, and he says that the Commission should have allowed him, in addition, partial disability from February 27, 1927, until the time of the hearing, and for such further time as the evidence thereafter submitted to the Commission might show the disability continued.

By expressed statutory law of this state, as confirmed by the numerous decisions of this court, the rule is well established that we cannot weigh the testimony in this case with a view of determining what finding and judgment the Commission should have made and entered, but that the award of the Industrial Commission must be upheld if there is any evidence reasonably tending to support it.

A careful examination of the testimony in this case leads us to the conclusion that there is evidence to show that complainant was able to return to work on February 27, 1927. And there is also testimony showing that if the complainant was suffering from any condition after February 27th, which prevented his return to work, this condition was not the result of the injury complained of, but was caused by an earlier tubercular involvement. Under either of the foregoing conditions, the complainant would not be entitled to further compensation.

The testimony is conflicting, but there is evidence reasonably supporting the finding and award of the Commission.

It therefore follows that the award and judgment of the Industrial Commission should be affirmed.

TEEHEE, LEACH, FOSTER, and DIFFENDAFFER, JJ., concur.

By the Court: It is so ordered.

Note.—See Workmen's Compensation Acts —C. J. p. 122, §127; anno. L. R. A. 1916A, pp. 178, 266; L. R. A. 1917D, 186; 28 R. C. L. p. 829; 3 R. C. L. Supp. p. 1600; 4 R. C. L. Supp. p. 1872; 5 R. C. L. Supp. p. 1581.