## THRASH v. GRAVER CORPORATION et al.

No. 18916.    Opinion Filed June 26, 1928.

(Syllabus.)

1. **Master and Servant—Workmen's Compensation Law—Discretion of Industrial Commission as to Granting Rehearing—Appeal.**

Where a petition for rehearing is filed in a proceeding before the State Industrial Commission for compensation under the Workmen's Compensation Law, the question to be determined by the Commission is, "Will justice be subserved thereby?" and this is a matter wholly within the sound discretion of the Commission, and unless it clearly appears that the Commission has abused this discretion, its order granting or denying a rehearing will not be disturbed.

2. **Same—Necessary Showing for Rehearing on Ground of Newly Discovered Evidence.**

Where such rehearing is sought on the ground of newly discovered evidence, it must be shown that the same could not with due diligence have been produced at the hearing, that it was material to the issues and of such a nature that it would likely change the result and was not merely cumulative or impeaching. The termination of the question as to whether or not such newly discovered evidence would likely change the result is peculiarly within the province of the Commission, since it would have to pass upon this evidence in the event a rehearing were granted.

3. **Same—Findings of Fact by Commission—Conclusiveness on Appeal.**

The rule is well established that the decision of the Commission shall be final as to all questions of fact, and findings of fact of the Industrial Commission will not be reviewed in proceedings of this kind where there is any competent evidence supporting same.

4. **Same—Order Denying Rehearing after Denial of Compensation Sustained.**

Record herein examined, and held to amply support the findings of the Commission and the order based thereon.

Original action to review order of Industrial Commission denying to claimant, W. M. Thrash, a rehearing of an order denying his claim to compensation against Graver Corporation et al. Petition for review denied.

Paul F. Showalter, for petitioner.

Lydick, McPherren & Jordan, F. J. Corbett, Edwin Dabney, Atty. Gen., and Ralph G. Thompson, Asst. Atty. Gen., for respondents.

HUNT, J. This is an original proceeding to review an order of the State Industrial Commission. Claimant, W. M. Thrash, was employed by respondent, Graver Corporation, as a tank builder, and on or about the 24th day of May, 1927, while so employed, claims to have received an accidental injury for which he is entitled to compensation under the Workman's Compensation Act. Necessary formalities were complied with in order to obtain a hearing before the Industrial Commission, and the first hearing was had before the chairman of the Industrial Commission at Oklahoma City on the 26th day of August, 1927, and a further hearing was had before another member of the Commission at Oklahoma City on September 9, 1927, and the matter was taken under advisement by the Commission, and after briefs were filed on behalf of the claimant and respondent and insurance carrier, the Commission made its order on the 14th day of October, 1927, finding that claimant was in the employ of respondent on the 24th day of May, 1927, and that the disability of claimant subsequent to that date was not a result of the accidental injury which he alleged he sustained on May 24, 1927, and that any disability of claimant is due to causes other than the alleged accidental injury, and claim of claimant for compensation was denied. Subsequent to said date the claimant filed a motion for rehearing, which was, by the Commission, after due consideration, denied, and it is this order denying rehearing and order of the Commission of October 14, 1927, denying compensation claimant seeks by this proceeding to have reviewed. Claimant contends that the Industrial Commission erred in denying the motion for rehearing for the reason that same was based on newly discovered evidence which had been discovered since the hearing before the Commission, and that it could not have been discovered before that time with the exercise of due diligence; that it was material to the issues and of such a nature that it would change the result, and was not merely cumulative or impeaching. We have carefully examined the affidavits attached to the motion in support thereof, and also rule 30 of the Industrial Commission, which provides that all motions for rehearing and briefs in support

thereof will be examined by the Commission and if, in its opinion, justice would be subserved thereby, a rehearing would be granted, and the award or decision complained of will be vacated within 25 days from the date thereof.

The question then for the Commission to determine on the motion for rehearing is, Will justice be subserved thereby? And, this being discretionary, the question for us to determine herein is, Did the Commission abuse this discretion in denying a rehearing upon the showing made? It is fundamental that a rehearing will not be granted upon the ground of newly discovered evidence unless it clearly appears that such evidence had been discovered since the hearing and could not, with due diligence, have been produced at that time, and further that same was not merely cumulative or impeaching, but was such as would likely change the result. The evidence claimant was seeking to present to the Commission on rehearing was contained in the affidavits attached to the motion, and was therefore before the Commission, and it was peculiarly within its province to say whether or not same would likely change the result. Since it would have to pass upon this evidence in the event a rehearing was granted, and having denied the rehearing, we must assume the Commission, after considering the so-called newly discovered evidence, must have come to the conclusion that same was not such as to cause it to arrive at a different conclusion and change its former order denying compensation.

No cases are cited by claimant in support of this assignment of error. but numerous cases are cited by respondents to the effect that "whether the rehearing should have been granted rested in the discretion of the Commission."

See Ogrosky v. Commonwealth Electric Co., 214 N. W. 765, a Minnesota case, wherein it was said:

"The mere fact that we might have decided to the contrary does not mean that there has been an abuse of discretion on the part of the Commission. Unless there has been a clear abuse of discretion, we cannot disturb the order. In the absence of something to indicate that a discretionary power has been exercised arbitrarily, capriciously, or contrary to legal usage, we are bound by the result. So long as such discretion is exercised judicially, the result is beyond our reach. Its exercise depends, not upon the application of rules of law, but upon per-

sonal judgment. The order of the Commission must stand."

We are unable to say from the record before us that the Commission abused its discretion in denying the rehearing, and are therefore forced to conclude that no error was committed in so doing.

Petitioner next contends that the Commission excluded competent evidence offered by petitioner in rebuttal of respondent's evidence pertaining to previous accidents sustained by petitioner. We fail to find anywhere in the record where any such rebuttal evidence was offered by petitioner, and same has not been pointed out to us in the briefs filed herein. The only evidence offered by petitioner on the first hearing was that of himself and wife. After respondent had introduced the testimony of Drs. Harber, Gregory, McBride, and Jenkins and Mr. O. E. Burke, further hearing was continued, over objection of petitioner, to September 9th, at which time the only testimony offered by petitioner was that of Drs. Ross D. Long and H. M. Williams and a Mr. Weaver and Miss Rime, a nurse. The record fails to disclose where petitioner, either at the first hearing, after the introduction of respondents' testimony, or at the second hearing on September 9th, after respondents had introduced further testimony, offered or requested the privilege of offering any evidence in rebuttal such as referred to in this assignment of error. We therefore cannot consider same in this proceeding.

The other assignments of error attack the order of the Commission as being contrary to both the law and the evidence. We have carefully considered the entire record and brief of petitioner filed in support of the above assignments of error, and are clearly of the opinion that this case is controlled by section 7294, C. O. S. 1921, which provides:

"* * * The decision of the Commission shall be final as to all questions of fact. * * *"

It is also the well-established rule of this court that findings of fact of the Industrial Commission will not be reviewed in proceedings of this kind where there is any competent evidence supporting same. See Stringtown Crushed Rock Co. v. State Industrial Commission, 128 Okla. 188, 261 Pac. 973; Perez v. Globe Ins. Co., 130 Okla. 45, 265 Pac. 114, and cases therein cited.

Numerous cases are cited by petitioner to the effect that where an accident is sustained and an injury received which aggravates a pre-existing tendency to disease, the injury and not the disease is deemed in law the approximate cause of the disability.

We agree with petitioner, and with the rule announced in these cases, that where an injury sustained in the course of employment accelerates or aggravates a pre-existing disease to such an extent as to cause disability, either partial or total, temporary or permanent, as a direct result of the injury, same is compensable, but this is a question of fact to be determined by the Commission.

The burden was on claimant to show that the disability was due to an accidental injury arising out of and in the course of his employment, and if there was a disease, or pre-existing tendency to disease, that such accidental injury aggravated same and thus caused the disability, and upon such showing being made, the rule as contended for by petitioner and as announced in cases cited would be applicable, and the injury and not the disease would be deemed the cause of the disability. However, the burden of establishing these facts must first be met by claimant. See Tulsa St. Ry. Co. v. Shoemaker, 106 Okla. 99, 233 Pac. 182, wherein this court said:

"Under the Workmen's Compensation Law of this state the burden rests on the claimant to establish by competent evidence the accidental nature of the injury complained of; that it arose out of or in the course of the employment, and that the disability relied on for compensation resulted primarily from such accidental injury."

See, also, Associated Employers' Reciprocal v. State Industrial Commission, 83 Okla. 73, 200 Pac. 862; Cosmos Mining Co. v. Industrial Commission, 101 Okla. 283, 225 Pac. 720.

The Commission found as a fact, after conducting two hearings and considering testimony of numerous witnesses, that the disability of claimant was not in any way attributable to the alleged injury sustained on May 24, 1927.

As was said in Osage Coal Co. v. Industrial Commission, 128 Okla. 191, 261 Pac. 933:

"It is not for us to decide in this proceeding whether or not respondent's present disability is in fact due to the injury he received while in the employ of petitioner, but only for us to determine whether or not there is any competent evidence reasonably

tending to support the finding of the Commission."

An examination of the record herein clearly discloses that there is ample evidence. upon which to base such finding and the order made thereon. It therefore follows that the petition for review must be, and the same is hereby, denied.

PHELPS, LESTER, CLARK, RILEY, and HEFNER, JJ., concur.

Note.—See under (1) Workmen's Compensation Acts—C. J. p. 117, §115 (Anno). (3) Workmen's Compensation Acts—C. J. p. 122, §127; anno. L. R. A. 1917D, 189; 28 R. C. L. p. 827; 3 R. C. L. Supp. p. 1600; 4 R. C. L. Supp. p. 1872; 5 R. C. L. Supp. 1581; 6 R. C. L. Supp. p. 1766; 7 R. C. L. Supp. p. 1011. (4) Workmen's Compensation Acts—C. J. p. 115, §114.