## HARVEY v. TEXAS CO. et al.

No. 19111.   Opinion Filed April 30, 1929.

T. L. Blakemore and F. J. George, for petitioner.

Owen & Looney, for respondents.

Edwin Dabney, Atty. Gen., and Ralph G. Thompson, Asst. Atty. Gen., for State Industrial Commission.

HUNT, J. This is an original proceeding in this court to review an order of the State Industrial Commission denying compensation.

On May 2, 1927, Oren O. Harvey, claimant, herein filed with the State Industrial Commission first notice of injury and claim for compensation for an accidental injury alleged to have been sustained by him on or about September 16, 1926, while in the employ of respondent, Texas Company. Answer was filed by respondent and insurance carrier denying that claimant was injured by accident arising out of and in the course of his employment on September 16, 1926, and denying that the disability complained of was the result of an accidental injury for which they would be liable to claimant for compensation. After full hearing the Commission found that the disability complained of was not due to an accident for which the respondent is liable, and on December 31, 1927, entered its order denying compensation, and it is this order petitioner herein seeks to have reviewed and set aside in this proceeding.

The Industrial Commission seems to have concluded from the evidence that the disability of claimant, about which there is no dispute, was due to a bone infection known as osteomyelitis, which had caused claimant trouble at times long prior to the date of the alleged injury for which compensation was sought. Claimant contended that, even though afflicted with osteomyelitis, it was dormant and had not prevented him from working practically continuously for about eight years, and that the injury complained of herein caused same to "light up" and become active again, resulting in the loss of use of his left arm, and cites Fitzsimmons v. State, 120 Okla. 31, 250 Pac. 111; Tintic Milling Co. v. State Industrial Commission of Utah, 206 Pac. 278, 23 A. L. R. 325; Milwaukee v. Industrial Commission, 160 Wis. 238, 151 N. W. 247, as supporting

his contention as to liability of respondent under such circumstances. With these authorities we are in hearty accord, but before they are applicable here it must be established, first, that claimant received an accidental injury arising out of and in the course of his employment; second, that said injury caused a dormant condition in the arm to "light up" and become active and resulted in the disability complained of. These are essential facts to be established by the testimony before compensation can be awarded claimant in this proceeding.

The only proof as to when and how the injury occurred was that of the claimant himself, and according to his own testimony it was not of sufficient consequence at the time to cause him to pay any particular attention to it then. At least he did not notify any one, quit work, or go to a doctor until eight days thereafter. However, admitting the injury as testified to by claimant, and conceding, as contended by petitioner, as we do concede and as we held in Osage Coal Co. v. Industrial Comm. et al., 128 Okla. 191, 261 Pac. 933, that one who has a latent tubercular condition can recover for an injury which "lights up" or causes that dormant condition to become active and thereby suffers an injury, the question remains, Did the injury to claimant's elbow on September 16, 1926, in fact, "light up" or cause the dormant condition to become active, resulting in loss of use of claimant's arm? The denial by the Industrial Commission of compensation was a finding of this fact against the contention of claimant. The question, then, for our consideration and determination here is: Is this finding of fact by the Industrial Commission supported by any competent evidence? If so, under the well-established rule of this court, same will not be disturbed. Petitioner herein recognizes this rule, but contends that:

"Since it is admitted that slight trauma may be the cause of osteomyelitis, and there was trauma in the beginning, there is, therefore, **no evidence to support the order of the Commission** (emphasis ours) and the finding of the Commission to the effect that the complainant had suffered no injury 'for which the respondent is liable' is erroneous."

With this contention we are unable to agree, for even though it is admitted that slight trauma may be the cause of osteomyelitis and that there was trauma here, the admission of these facts does not conclusively establish the entire absence of any evidence to support the order of the Commission. We think it is the province of the Commission to determine from all the facts and circumstances of each particular case whether or not the injury complained of was the result of an accident for which the respondent was liable, and unless we can say after an examination of the entire record that there is no evidence supporting this finding, same will not be disturbed.

As we said in Osage Coal Co. v. State Industrial Commission, supra:

"It is not for us to decide in this proceeding whether or not respondent's present disability is in fact due to the injury he received while in the employ of petitioner, but only for us to determine whether or not there is any competent evidence reasonably tending to support the finding of the Commission."

Neither is it our province to weigh the evidence and pass on the correctness of the conclusion reached by the Commission. In Gilliam v. Mid-Cont. Petro. Corp., 129 Okla. 133, 263 Pac. 1085, this court said:

"By expressed statutory law of this state, as confirmed by the numerous decisions of this court, the rule is well established that we cannot weigh the testimony in this case with a view of determining what finding and judgment the Commission should have made and entered, but that the award of the Industrial Commission must be upheld if there is any evidence reasonably tending to support it."

The syllabus in this case is as follows:

"'Under section 7294, C. O. S. 1921, as amended by chapter 61, section 7, p. 125, Session Laws of 1923, the decision of the Industrial Commission is final as to all questions of fact, and where there is any competent evidence reasonably tending to support the same, the award of the Industrial Commission will not be disturbed on review by this court.' Davison v. Wilson & Co., 127 Okla. 52, 259 Pac. 638."

This rule was also announced in Aetna Life Insurance Co. v. State Industrial Com., 109 Okla. 65, 234 Pac. 765, and has been consistently followed by this court. See, also, O. M. Bilharz v. State Industrial Commission, 129 Okla. 271, 264 Pac. 622; United States Zinc Co. v. Little, 109 Okla. 214, 235 Pac. 523; Johnson v. Curlee Clothing Co., 12 Okla. 220, 240 Pac. 632; Coarson v. Consolidated Fuel Co., 121 Okla. 170, 249 Pac. 155; Rock Island Coal Mining Co. v. United States Fidelity & Guaranty Co., 112 Okla. 250, 240 Pac. 635.

We shall not undertake in this opinion to review the evidence in this case, but we

have carefully examined the transcript of the proceedings in this matter before the Industrial Commission, and have likewise carefully considered the briefs filed herein by both parties and the authorities cited in support of their respective contentions, and we are unable to say there was no evidence supporting the finding and order of the Industrial Commission, and following the authorities hereinbefore cited, the petition to review and set aside the order must be, and the same is hereby, denied.

LESTER, Acting C. J., and HEFNER. CULLISON, SWINDALL, and ANDREWS, JJ., concur.