PITTSBURGH PLATE GLASS CO.
v. MORGESON et al.

No. 32410. Feb. 4, 1947.

*177 P. 2d 115.*

E. W. Smith, of Henryetta, for petitioner.

Koch & Woodliff, of Henryetta, for respondents.

RILEY, J. This is a proceeding by Pittsburgh Plate Glass Company, a corporation, employer carrying its own risk, to review an award of the State Industrial Commission in favor of Floyd A. Morgeson, its employee.

The questions of the relation of employer and employee, the hazardous nature of employment, and the accidental injury are not in dispute.

The record shows that the accidental injury occurred March 23, 1943. Employer's first notice of injury was filed showing that claimant was employed as warehouse trucker. The attending physician's report, dated March 29, 1943, was received March 30, 1943. Employer's report of initial payment of compensation at the rate of $18 per week was filed with the commission April 29, 1943. The record further shows that claimant returned to work April 19, 1943, but not at the same job. He returned to work as a floor sweeper. It thus appears that temporary total disability ended about April 19, 1943. Thereafter, March 8, 1944, claimant filed his notice of injury and claim for compensation.

August 1, 1944, claimant filed his motion with the commission to determine the extent of disability. Therein he set forth the nature of his employment, the accidental injury as an injury to his back, and further alleged that after the accident he attempted to work but later had to discontinue same on account of stiffness and soreness in his back and sacro-iliac joint, and:

"That he now has some permanent disability to his back and sacro-iliac joint."

Hearing was had before Commissioner Cheatham, resulting in a finding to the effect that as a result of the injury, claimant has sustained 10% permanent partial disability to the body as a whole, for which he is entitled to compensation for 50 weeks at $18 per week, or the sum of $900.

Award was made accordingly, directing the employer to pay said sum to claimant, less $180 thereof which was directed to be paid to claimant's attorney as his fee. Appeal was had to the commission as a whole, where the award was affirmed.

The sole contention is that there is no competent, credible evidence in the record to sustain the finding and award. From this contention, we might assume that petitioner admits that there is evidence in the record tending to support the award but that such evidence is not competent or is not credible, or both. However, in its brief, petitioner asserts that this court has many times held that in injuries of the character here involved, in order to determine the nature, cause, and extent thereof, there must be proof by the testimony of skilled, professional persons. The cases cited support this contention. St. Louis Mining & Smelting Co. v. State Industrial Comm. et al., 113 Okla. 179, 241 P. 170; Shepard v. Crumby, 146 Okla. 118, 293 P. 1049; Williams Bros. v. State Industrial Comm., 158 Okla. 171, 12 P. 2d 896; Magnolia Petroleum Co. v. Clow, 163 Okla. 302, 22 P. 2d 378.

But petitioner further contends that the finding in this case that claimant sustained permanent partial disability as a result of his injuries is without such proof. This contention cannot be sustained. Dr. Dudley W. Dickson, a D.O. and M.D., whose qualifications were admitted, testified in part:

"Q. Doctor, taking into consideration the history of the case and your physical examination, are you able to determine the extent of permanent partial disability this man has as a result of that injury? A. I would say so. Q. What per cent of permanent partial disability does

he have in your opinion? A. Forty-five or fifty. Q. Is that the result of the injury, doctor, in your opinion? A. It excited it or at least it might have been the cause of it. He has got some arthritis there. . . . Q. Doctor, is the disability from which this man is suffering now the result of the injury he received? A. It was either the cause of it or an aggravating part of it. Q. In either event, it would be the exciting cause of his present condition? A. That's right. Q. As a result that his present condition is due to that injury? A. Yes, sir."

That was competent testimony. It was contradicted by at least two skilled medical witnesses who testified for the employer, but the question presented was one of fact for the commission to decide. In proceedings of this nature, the State Industrial Commission is the sole judge of the credibility of witnesses. Davon Oil Co. v. State Industrial Comm., 177 Okla. 612, 61 P. 2d 579.

Findings of fact by the State Industrial Commission are conclusive upon this court and will not be reversed where there is any competent evidence reasonably tending to support such findings. Graver Corp. et al. v. State Industrial Comm. et al., 114 Okla. 140, 244 P. 438; Osage Coal Co. v. State Industrial Comm. et al., 128 Okla. 191, 261 P. 933; Stringtown Crushed Rock Co. v. State Industrial Comm. et al., 128 Okla. 188, 261 P. 973.

The rules above stated apply where the nature of the injury and extent and result thereof are such as to require the testimony of skilled, professional persons. Fain Drilling Co. v. Deatherage, 179 Okla. 409, 65 P. 2d 1212.

Award sustained.

HURST, C.J., DAVISON, V.C.J., and BAYLESS, CORN, GIBSON, and ARNOLD, JJ., concur.