Georgia Mae BERRY, Georgia Mae Berry, Administratrix of the Estate of Willie Berry, Deceased, and Guardian of the Persons and Estates of Francis Dale Berry, Eunice Dora Berry and Jeanette Pearl Berry and William W. Bailey, Petitioners,

v.

The STATE INSURANCE FUND, the State Industrial Commission and Craig County, Oklahoma, Respondents.

No. 38089.

Supreme Court of Oklahoma.

Oct. 28, 1958.

Rehearing Denied Nov. 25, 1958.

**8**

William W. Bailey, Vinita, for petitioners.

Mont R. Powell, Mary Elizabeth Cox, Oklahoma City, Moraul Bosonette, Sapulpha, Mac Q. Williamson, Atty. Gen., for respondents.

JACKSON, Justice.

On August 29, 1957, Willie Berry, while employed by Craig County, Oklahoma, sustained an accidental injury resulting in death.

On September 11, 1957 Georgia Mae Berry, widow of Willie Berry, as administratrix of said estate, and as guardian of their minor children, filed with the State Industrial Commission a claim against the Board of County Commissioners of Craig County and the State Insurance Fund as the insurance carrier, under the death benefit provisions of the Workmen's Compensation Law, 85 O.S.1951 § 1 et seq.

On September 11, 1957, Georgia Mae Berry signed a joint petition agreeing that the death benefit claim should be settled and compromised. On the same day this joint petition was presented to a trial judge who heard testimony and verbally approved the compromise settlement.

The record shows that Georgia Mae Berry appeared without an attorney. She signed the claim as Claimant and it does not appear that she was assisted by counsel in the preparation and signing of the claim. She testified that she understood she was entitled to have counsel to represent her but did not desire counsel. Her testimony shows that William W. Bailey, an attorney at Vinita, Oklahoma, was assisting her in probate and guardianship proceedings in Craig County, Oklahoma, and that her deceased husband's estate consisted of 139 acres of land located in Craig County.

On September 12, 1957, the trial judge signed and filed an order approving the compromise settlement and made distribution.

On the following day, September 13, 1957, the State Industrial Commission received by mail from Vinita, Oklahoma, another claim for death benefits. This claim purports to be signed for and on behalf of Georgia Mae Berry. It is signed "Georgia Mae Berry, Claimant, by William W. Bailey, Attorney." The Commission took no action upon this claim.

On September 21, 1957, the Claimant, complaining of the order of the Trial Judge entered on September 12, 1957,

wherein the trial judge approved her joint petition and settlement, filed an appeal to the Commission en banc. Appellate proceedings are signed "Georgia Mae Berry, Claimant, By William W. Bailey, Attorney." Attached to her notice of appeal is her "Assignment of Error and Motion to Vacate Joint Petition Order." Therein she alleges:

"Comes now the claimant and her attorney, and hereby show the entire State Industrial Commission that the Joint Petition Order entered on the 12th day of September, 1957, was made without notice to the claimant's attorney, and that no provisions was made in said order for attorney's fees on behalf of claimant.

"Wherefore, Claimant and her attorney pray the State Industrial Commission sitting en Banc, vacate and set aside Joint Petition Order entered in the above cause on the 12th day of September, 1957."

Thereafter, and on November 25, 1957, the order of the trial judge was adopted and affirmed.

Petitioner Bailey, in his own behalf and in behalf of claimants, brings this action to review the order of the Commission and contends that the Commission should have vacated the award and remanded the cause to the trial judge with directions to grant him a hearing on his claim for attorney's fees for representing claimants in the proceedings. The order is not otherwise challenged.

Claimants do not contend that there were any errors committed by the trial judge, *appearing in the record*, which would require a reversal. If the proceeding before the entire Commission is to be considered as an appeal then it is apparent that there is nothing in the record that would justify a reversal. The record clearly shows that claimant, Georgia Mae Berry, appeared without counsel and had not employed counsel to assist her in connection with her claim under the Workmen's Compensation Law.

In this case the proceeding before the entire Commission was more in the nature of a motion to vacate the order of the trial judge rather than an appeal. Relief is sought upon facts extraneous to the record and not upon facts appearing in the record. The ultimate question before us is whether the Commission committed error in refusing to vacate and modify the order of the trial judge by allowing the appellant's claim for attorneys fees.

In the motion to vacate the Joint Petition Order it is alleged that the order "was made without notice to the claimant's attorney, and that no provision was made in said order for attorney's fees on behalf of claimant."

In the first paragraph of the syllabus in Thrash v. Graver Corporation, 131 Okl. 260, 268 P. 718, it was held:

"Where a petition for rehearing is filed in a proceeding before the State Industrial Commission for compensation under the Workmen's Compensation Law, * * * the question to be determined by the commission is, Will justice be subserved thereby? and this is a matter wholly within the sound discretion of the commission, and, unless it clearly appears that the Commission has abused this discretion, its order granting or denying a rehearing will not be disturbed."

Claimant recognizes that this court has not had a case exactly in point with the case at bar. In Skaggs v. Bennett Van & Storage, Inc., 204 Okl. 32, 226 P.2d 419, 422, the claimant therein contended that the Commission en banc erred in not remanding that case to the trial commissioner for further testimony. In the body of the opinion it was said:

"The request to the Commission did not disclose the nature of the additional testimony which claimant desired to take, the names of the witness or witnesses, or show that they had been unavailable when the case was heard before the trial commissioner. He simply requested the Com-

mission, if 'unable to find and determine the facts as set forth in claimant's appeal' to make an order remanding the case to the trial commissioner for the taking of further testimony on behalf of claimant so that he could introduce other witnesses and their testimony on his behalf.

"An application of this nature should be supported by some showing as to the nature and materiality of the testimony claimant expected to produce if his request was granted, and some showing as to why it could not be produced, or was not produced, at the hearing before the trial commissioner. In the absence of such showing the Commission did not err in denying the request."

We recognize the rule that strict rules of pleading are not required in proceedings before the State Industrial Commission. However, before we can hold that the Commission abused its discretion in overruling a motion to vacate an order it must appear from the record or from facts alleged in the motion that error has been committed. From the facts alleged in the motion herein it does not necessarily follow that justice would be subserved by a new trial or rehearing. While it does appear from the motion that claimant had employed an attorney it does not appear that claimant's attorney had performed any services in connection with this claim, or had earned a fee, until after the trial judge had conducted the hearing and entered the order. There is nothing in the record and the motion filed herein to indicate that the attorney for the insurance carrier knew, or should have known, that claimant had employed an attorney. There is no allegation of fraud on the part of the insurance carrier. These facts distinguish this case from those cited in claimant's brief. In any event it does not appear that claimant's attorney would be entitled to more than nominal relief, or that justice demands that an attorney fee be paid in connection with this claim. In the absence of such showing we cannot say that

the Commission erred in refusing to vacate the Joint Petition Order.

Order sustained.

CORN, V. C. J., and DAVISON, HALLEY, WILLIAMS, BLACKBIRD and CARLILE, JJ., concur.

JOHNSON, J., dissents.